615 So.2d 918 (1993)
L. Delbert CROCKER, Sr., CPA d/b/a L.D. Crocker & Company, CPA's
v.
Ms. Jerry LEVY.
No. CA 92 1207.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
John W. Alderman, III, Huntington, WV, for petitioner/appellant.
Brad A. Adams, New Orleans, for Jerry Levy, defendant.
Before FOIL and GONZALES, JJ., and CHIASSON[*], J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
This action is a suit for breach of an oral contract or, alternatively, unjust enrichment for accounting services provided to the defendant. The trial court rendered written judgment granting the defendant's motion for summary judgment, dismissing the suit with prejudice and assessing court costs against the plaintiff. From that judgment, Delbert Crocker took this devolutive appeal.

FACTS
On February 16, 1990, L. Delbert Crocker, Sr., CPA and Jerry Levy signed a contingency fee contract wherein Crocker agreed to provide business, financial, accounting, and other services, including the promise to procure a lawyer, for Ms. Levy. The contract specified that Ms. Levy would pay Crocker a contingency fee of twenty percent of all amounts she recovered in excess of $150,000 should she prevail in a suit filed in Mississippi contesting the will of her deceased father. The parties agreed that in the event the will was uncontested or Ms. Levy did not recover an amount in excess of that provided in the will, Ms. Levy would pay a fee commensurate with the time, effort and resources expended by Crocker.
On June 5, 1990, Crocker filed suit based on the written contract. This contract was entered into the court record as the contract sued upon by stipulation of both parties *919 on June 29, 1990. On July 3, 1990, Ms. Levy filed an exception of no cause and/or right of action on the written contract based on the unauthorized practice of law statute, La.R.S. 37:213. Immediately thereafter, Crocker amended his petition to allege that on or about February, 1990, he and Ms. Levy entered into various oral agreements in which he agreed to provide financial services in return for payment. In September the trial court maintained the exception of no cause and/or no right of action, dismissing Crocker's suit on the written contract with prejudice, but it allowed the suit to go forward as it related to allegations of breach of oral contracts or, alternatively, unjust enrichment.
Soon after Ms. Levy filed her answer to the amended petitions, she gave notice of deposition of Crocker and filed a motion for summary judgment and attorney's fees. The deposition and hearing on the motions were scheduled for the same day. Memorandums were filed by both attorneys.
Ms. Levy argued in her memorandum that summary judgment and assessment of attorney's fees were proper; parol evidence should not be allowed regarding any oral contracts because these contracts, if they existed, were formed as a result of the illegal written contract; the principal obligation of the contract or contracts, either written or oral, was to contest the will of Ms. Levy's father; since parol evidence should be excluded after the written contract was voided by the court, no material issue of fact existed that precluded summary judgment; when the unauthorized practice of law statute was violated, as the court had previously ruled, quantum meruit was specifically excluded and all of Crocker's claims must be dismissed; and attorney's fees and costs should be assessed against Crocker because he continued to sue for the same services recited in the invalid written contract.
Crocker claimed in his memorandum and affidavit filed March 11, 1991, that summary judgment was inappropriate because genuine issues of material fact existed regarding the oral contracts and these contracts were separate from the written contract; parole evidence and a trial on the merits should be required in order to determine the validity and value of Crocker's services fulfilling the oral contracts. Furthermore, Levy failed to prove by supporting affidavits or other evidence filed into the record the substance of these contracts.
Also on March 11, 1991, Crocker filed a notice of deposition of Ms. Levy to be held three days later at Crocker's office. The next day Ms. Levy sought to quash this deposition and to obtain a protective order regarding its scheduling and location. She did not receive this order nor did she appear for the deposition scheduled on the fourteenth of March.
On March 15, 1991, a hearing was held on the motion for summary judgment. The trial court ruled that the oral contracts alleged in Crocker's amended petition were the same as the written contract previously declared null and void. Summary judgment was granted in favor of Ms. Levy, dismissing Crocker's suit with prejudice and assigning costs to him. Ms. Levy's motion for sanctions was denied on April 4, 1991. From the decision rendered on March 15, 1991, Crocker filed this devolutive appeal.

INABILITY TO DEPOSE THE DEFENDANT

(Assignment of error number 1)
Crocker argues that the trial court improperly granted Ms. Levy's motion for summary judgment before he was able to defend against it. Furthermore, Ms. Levy refused to appear at her duly noticed deposition and under current law, this case should be remanded to the trial court so that discovery may be completed and, only then, would summary judgment be appropriate.
Ms. Levy contends that summary judgment dismissing Crocker's claim was correct because no reasonable notice of her deposition was given, no prejudicial error occurred as the case was decided on purely legal issues, and Crocker would be unable to discover any information in deposition that would aid his case.
*920 Crocker cites Iberia Savings & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3rd Cir.1990), writ denied, 573 So.2d 1120 (La.1991), as controlling when summary judgment is granted before an opposing party is allowed to discover material facts needed to defend against this motion. In Iberia Savings & Loan Assn. the Third Circuit remanded the case for additional discovery after the trial court denied the defendant the right to depose the plaintiff. The court held that by prematurely granting the summary judgment, the trial court kept the defendant from asserting the affirmative defense of payment on a note and the defendant had no opportunity to rebut the plaintiff's affidavits alleging non-payment.
This court has ruled in Fisk v. Mathews, 525 So.2d 223, 226 (La.App. 1st Cir.1988), that when a motion for summary judgment is made, the court must first determine that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue. The mere contention by an opponent to a motion for summary judgment that he does not have the information necessary to defend against the motion because of the movant's failure to comply with discovery is insufficient to defeat the motion.
The facts of the instant case may be distinguished from those in Iberia Savings & Loan Assn., when the Third Circuit remanded the case to the trial court for additional discovery. Thus, this court does not find that case to be persuasive because the defendant, Ms. Levy, had previously rebutted the plaintiff's claims to entitlement of payment for his services. This was done when the written contract was declared illegal. Therefore, no need existed for additional discovery. The pleadings, the written contract, Crocker's affidavit, and the invoice sufficiently resolved all material issues of fact and made summary judgment appropriate.
Accordingly, this assignment of error is without merit.

ENTITLEMENT TO PAYMENT FOR SERVICES ON THE ORAL CONTRACTS

(Assignment of error number 2)
Crocker argues that the sole purpose of the written contract was to provide estate planning and other services regarding the dispute over the will. He maintains that he provided many additional accounting services based on oral contracts when Ms. Levy asked him to give tax and financial advice separate and distinct from the written contract; that he is entitled to payment for these services because Ms. Levy breached these contracts; or alternatively, he is entitled to payment because Ms. Levy was unjustly enriched by these separate services.
Ms. Levy contends that Crocker is not entitled to further payment because the written and the alleged oral contracts called for the same services, the oral contracts did not modify the written contract, and the legal contractual obligations cannot be severed from the illegal obligations. Consequently, all of the contractual obligations are absolutely null.
The record reveals that Ms. Levy promptly paid Crocker $3,524.75 for services invoiced for February, March, and April, 1990. On June 5, 1990, Crocker filed suit for payment for his services based solely on the written contract signed February 16, 1990, but effective as of January 31, 1990, and his itemized fee invoice dated January 31, 1990 to April 30, 1990. Crocker's invoice for this period reveals that most of his charges concerned the will contest. His original petition sought recovery of a 20% contingency fee based on Ms. Levy's challenge of her father's will or, in the alternative, quantum meruit for business, financial, accounting, and other services he provided.
The trial court had already ruled that Crocker had no cause and/or right of action on the written contract because he had violated the unauthorized practice of law *921 statute, La.R.S. 37:213. When the court maintained the exception on the written contract, it could not dismiss Crocker's allegations of oral contracts because the issue was not properly before the court.[1] However, the court was convinced that the facts and circumstances alleged in the amending petitions did not provide a different cause of action from the written contract which was null and void. The court determined that no material issue of fact existed and summary judgment dismissing Crocker's amended suit was proper. Furthermore, the basis of the contractual arrangement, even if modified by subsequent oral agreements, could not be severed into parts, and, as a matter of law, Crocker was not entitled to payment because the object of the written contract was illegal.
Pertinent Louisiana law is found in our Civil Code. An obligation is divisible when the object of the performance is susceptible of division. An obligation is indivisible when the object of the performance, because of its nature or because of the intent of the parties, is not susceptible of division. La.C.C. art. 1815. When there is one obligor and one obligee, a divisible obligation must be performed as if it were indivisible. La.C.C. art. 1816. An obligation cannot exist without a lawful cause. La.C.C. art. 1966. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La.C.C. art. 1968. A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative. La.C.C. art. 2030. Performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null. La.C.C. art. 2033.
Additionally, when the words of a contract are clear, unambiguous, and lead to no absurd consequences, the contract is interpreted by the court as a matter of law. La.C.C. art. 2046; Dugas v. Modular Quarters, Inc., 561 So.2d 192 (La.App. 3rd Cir.1990); Kemp v. Hudnall, 423 So.2d 1260 (La.App. 1st Cir.1982), writ denied, 428 So.2d 474 (La.1983); Wilson v. Cost + Plus of Vivian, Inc., UDS, 375 So.2d 683 (La.App. 2nd Cir.1979). When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is a proper procedural vehicle to present the question to the court. La.C.C.P. art. 966(B); See Brown v. Mayfield, 488 So.2d 322 (La.App. 3rd Cir.1986); Sally Beauty Company v. Barney, 442 So.2d 820 (La. App. 4th Cir.1983); Roos v. Dale, 234 So.2d 489 (La.App. 3rd Cir.), application denied, 256 La. 617, 237 So.2d 398 (1970).
This court finds that the written contract or any other agreements made as a result of the written contract are absolute nullities. The words of the contract are clear and unambiguous. Crocker promised to render "business, financial and other assistance, including securing for her [Ms. Levy] reputable legal counsel" in exchange for a large contingency fee based on the legality of a will. This is contrary to La. R.S. 37:213 which forbids, with few exceptions, any person, partnership or corporation that is not duly licensed to practice law in this state from furnishing legal representation for another.
Accordingly, this assignment of error is without merit.

DECREE
For the reasons herein stated, this court holds that the summary judgment dismissing the plaintiff's suit with prejudice and assigning costs against the plaintiff is affirmed.
AFFIRMED.
*922 GONZALES, J., respectfully dissents and assigns reasons.
GONZALES, Judge, dissenting.
I respectfully dissent from the majority opinion affirming the granting of a motion for summary judgment by the trial court, and dismissing the petition of the plaintiff herein. Plaintiff alleges in his second amending petition and in an affidavit filed into the record, that he provided various accounting services, separate and distinct from any work he may have provided under the illegal contract to provide legal services, to defendant, from January of 1990 through April of 1990, for which he has not been fully paid. These allegations are denied by defendant.
Summary judgment under La.C.C.P. art. 966 is available only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La. 1982); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577 (La. 1989); Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983); Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La. App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991); Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985); Asian International Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058 (La.App. 1st Cir.1983). Where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Thompson v. South Central Bell Telephone Company, 411 So.2d at 28; Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981).
Summary judgment which deprives a litigant of a trial on the merits is not a substitute for trial and is to be made use of only in those cases which clearly fall within codal authority. Dyes v. Isuzu Motors, Limited in Japan, 611 So.2d 126 (La.App. 1st Cir.1992); Iberia Savings & Loan Association, 569 So.2d 1118 (La.App. 3d Cir. 1990), writ denied, 573 So.2d 1120 (La. 1991); Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.), writ denied, 457 So.2d 1194 (La.1984); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir.), writs refused, 244 La. 218, 219, 151 So.2d 692 (La. 1963). The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Insley v. Titan Insurance Company, 589 So.2d 10 (La.App. 1st Cir.1991); Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
Although it is easy to commiserate with defendant who stood to lose a portion of a potential inheritance to one who purported to provide her legal services though he was unauthorized to do so under the law, a court cannot decide a matter summarily if a material issue of fact remains. Plaintiff has alleged he is owed payment for accounting services he rendered to the defendant. Whether the allegations are true is disputed and therefore not properly decided on motion for summary judgment. For these reasons, I would very reluctantly reverse the granting of the motion for summary *923 judgment and remand the matter for further proceedings.
NOTES
[*] Judge Remy Chiasson, Retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] Crocker's petition was amended twice. Allegations of oral contracts were added after July 3, 1990, when the exception of no cause and/or right of action on the written contract was filed. A second amended petition was added to correct an exception of vagueness pertaining to the oral contracts. Procedurally, the court could only rule on the written contract when the first exception was heard. See La.C.C.P. art. 934.