766 So.2d 744 (2000)
"WE THE PEOPLE" PARALEGAL SERVICES, L.L.C., et al., Plaintiffs-Respondents,
v.
Amy E. WATLEY, Bill Watley, Individually and d/b/a Watley & Watley, Attorneys at Law, Defendants-Applicants.
No. 33,480-CW.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2000.
*745 Roos & Frazier by John M. Frazier Shreveport, Counsel for Applicants.
James W. Spradling, II, Mark D. Frederick, Shreveport, Counsel for Respondents.
*746 Before NORRIS, WILLIAMS, STEWART, GASKINS and CARAWAY, JJ.
STEWART, J.
We granted the application for supervisory writ filed by the defendants, Amy Watley and Bill Watley, individually and doing business as Watley and Watley (the "Watleys"), to review the trial court's denial of an exception of no cause of action asserted in response to an amended petition filed by the plaintiffs, "We The People" Paralegal Services, L.L.C., and Delores Renee Liesmann, individually and as corporate president (hereinafter referred to jointly as "WTP"). We find that it was error for the trial court to deny the exception, and we remand the matter to allow WTP to amend its petition, if possible, to state a cause of action.

FACTS
WTP's original "Petition For Breach Of Contract For Personal Services Rendered And Quantum Meruit" alleged the existence of an oral agreement whereby WTP would provide paralegal services for the Watleys, who are attorneys, in exchange for compensation pursuant to a fee splitting arrangement. Under the alleged fee splitting arrangement, WTP was to be paid either 40 or 60 percent of attorney fees received. Prior to receipt of the attorney fees, WTP would bill the Watleys $75 per hour for work done on the cases. WTP alleged that the Watleys breached the contract by locking them out of the office the parties shared and by refusing to account for or pay the fees earned for services rendered by WTP on a number of cases. WTP prayed for judicial recognition of the oral contract, an order directing payment in accordance with the contract terms, an award of damages for breach of contract, and an award of attorney fees and costs. The petition included no pleadings relating to quantum meruit.
The Watleys responded to the original petition by filing an exception of no cause of action. They asserted that the alleged contract was unenforceable because any work performed by WTP would involve the unauthorized practice of law in violation of La. R.S. 37:212 and 213 and compensation under the contract's fee splitting arrangement would violate Rule 5.4 of the Rules of Professional Conduct of the Louisiana State Bar Association. During arguments on the exception, WTP's counsel conceded the point by stating:
We do concede that an agreement to assist someone to engage in the unauthorized practice of law is void ... because it is against public policy. And we would be hard pressed to even suggest to the Court that at some point it enforced (sic) that contract, because we know that Court can't do that.
The trial court sustained the exception but granted WTP 15 days to amend its petition to state a cause of action.
In the "First Amended Petition For Breach Of Contract For Personal Services Rendered And Quantum Meruit," WTP restated the same allegations as in the original petition and included the following two additional paragraphs:
XII a.
Between July 15, 1998 and March 12, 1999, plaintiff "WTP" and its employees devoted approximately 3,120 man hours of service to the clients of defendants Watley & Watley, under their direct control and supervision, of which approximately 2,184 man-hours were spent in the performance of services directly related to personal injury clients of defendants. To date, "WTP" has received a total of $4,110.59, representing 40% of attorney fees as previously agreed by the parties ($2,997.21 for the case of Deanna Strasky and two minor children), or 54.81 hours at $75.00 per hour as agreed, leaving a total of 2,129.19 hours uncompensated. Defendants received a substantial benefit from the work of "WTP". "WTP" suffered impoverishment as a consequence of not *747 being paid for the work it had performed. As a consequence, defendants were unjustly enriched as a result of their failure to compensate "WTP" for work performed on defendant's behalf.
XIII.
The case of Genevieve Smith, a Watley case managed by "WTP", settled in the month of July 1999 for $52,500 which, per the original agreement of the parties was to pay "WTP" 30% of the collected attorney fees of $21,000 ($52,500 × 40%) or $6,300 (or 84 hours at $75.00 per hour). Failure by defendants to compensate "WTP" for its labor in resolving this case has resulted in unjust enrichment of the defendants at the expense of plaintiff.
WTP reiterated the prayer for relief from the original petition and, as an alternative, prayed that the court find that the Watleys were unjustly enriched at the impoverishment of WTP and order the Watleys to pay the reasonable value of WTP's services in accord with the quantum meruit theory.
In response to this amended petition, the Watleys again filed an exception of no cause of action. They asserted that because the alleged underlying contract involving the sharing of legal fees between attorneys and non-attorneys is unenforceable, WTP cannot state a cause of action by resorting to alternative theories of quantum meruit or unjust enrichment. The trial court denied the exception of no cause of action as to WTP's claims for recovery under theories of quantum meruit or unjust enrichment. The trial court believed that the provision of paralegal services is not repugnant under our law and that if WTP provided such services without compensation, then it may be able to prove entitlement to recovery for such services.

DISCUSSION
The Watleys ask whether WTP may plead as a basis for recovery, under theories of quantum meruit or unjust enrichment, a contract which is null and against public policy, after the trial court determined that such contract was illegal and null. They assert that in granting the first exception of no cause of action filed in response to the original petition, the trial court found that the alleged contract for fee splitting was illegal and a nullity. They argue that since quantum meruit and unjust enrichment are causes of action based on contract, quasi-contract or an implied contract, recovery under these theories is not possible where the underlying contract is illegal.
An exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged. Grocery Supply Company v. Winterton Food Stores, 31,114 (La. App.2d Cir.12/9/98), 722 So.2d 94. The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial, but is to ascertain if a cause of action exists. Arledge v. Hendricks, 30,588 (La.App.2d Cir.6/26/98), 715 So.2d 135, review denied, 98-2015 (La.11/20/98), 728 So.2d 1287. In determining whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous evidence. La. C.C.P. art. 931; Arledge v. Hendricks, supra. When the grounds upon which the exception of no cause of action is based may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within a specified delay. La. C.C.P. art. 934.
Two cases discussed by the Watleys in support of their position are Dugas v. Summers, 339 So.2d 934 (La.App. 4th Cir. 1976), writ denied, 341 So.2d 1132 (La. 1977) and Crocker v. Levy, 615 So.2d 918 (La.App. 1st Cir.1993). In Dugas v. Summers, supra, the plaintiff alleged an oral agreement between himself and two attorneys under which the plaintiff would receive one-third of the attorneys' fees in all *748 cases referred to the attorneys by him. The fee-splitting arrangement for referrals was found to be "clearly against public policy" and unenforceable.
In Crocker v. Levy, supra, the plaintiff, an accountant, filed suit to enforce a written contingency fee contract to provide services, including the promise to procure a lawyer, for the purpose of contesting a will. When faced with an exception of no cause and/or no right of action based on La. R.S. 37:213, which prohibits the unauthorized practice of law, the plaintiff amended his petition to allege oral agreements to provide financial services in return for payment. The trial court sustained the exception as to the claim to enforce the written contract but allowed the suit to proceed on the alternative claims to enforce the oral agreements. On summary judgment, the trial court ruled that the oral contracts alleged in the amended petition were the same as the written contract found to be null and void. The oral agreements did not provide a different cause of action, and the basis of the contractual arrangement could not be severed into parts. This ruling was affirmed on appeal. The appellate court determined the words of the written contract to be clear and unambiguous and contrary to La. R.S. 37:213. Because the written contract was a nullity, any other agreement made as a result of the written agreement would likewise be a nullity.
The contracts at issue in the two cases discussed above involved illegal objects, "running" cases in the former and the unauthorized practice of law in the latter. The alleged contractual arrangement in the instant case has as its object the provision of paralegal services. The provision of paralegal services is neither illicit nor immoral. The unlawful aspect of the alleged contract is the method of compensation structured as a fee-splitting arrangement in violation of Rule 5.4 of the Rules of Professional Conduct of the Louisiana State Bar Association. Rule 5.4 provides that a lawyer or law firm may not share legal fees with a nonlawyer, except in the enumerated circumstances which do not apply in this instance. La. C.C. art. 2034 provides that the nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision. This article would perhaps have provided an avenue of recovery for the plaintiffs in this matter. However, by granting the exception of no cause of action as to the original petition which alleged breach of contract and sought enforcement of the fee-splitting arrangement, the trial court in the instant case determined that the alleged contract was a nullity and unenforceable. This ruling has not been challenged. Instead, the plaintiffs filed an amended petition in an attempt to assert additional claims. Neither Crocker v. Levy, supra, nor Dugas v. Summers, supra, involved claims other than for enforcement of the alleged contracts. Here, the plaintiffs seek to assert other claims utilizing the theories of quantum meruit or unjust enrichment to recover payment for the provision of paralegal services. We must examine the effects of a null contract to determine whether it is possible for the plaintiffs to state an alternative cause of action.
The effects of a null contract are set forth in La. C.C. art. 2033, which provides:
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.
Nevertheless, a performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract *749 null. The performance may be recovered, however, when that party invokes the nullity to withdraw from the contract before its purpose is achieved and also in exceptional situations when, in the discretion of the court, that recovery would further the interest of justice.
Absolute nullity may be raised as a defense even by a party who, at the time the contract was made, knew or should have known of the defect that makes the contract null.
This article provides for recovery of damages notwithstanding the nullity of a contract. Comment (b) to Article 2033 explains that restoring the parties to the situation which existed before the null contract includes restoration of fruits and revenues to prevent unjust enrichment of the parties. The article directs that the parties must be restored to the situation that existed before the contract was made. The article also provides for recovery when such would further the interests of justice. Such recovery would appear to be permissible even though Article 2033 also provides that a party to an absolutely null contract who knew or should have known of the defect, specifically an illicit or immoral object or cause, that makes the contract null may not recover a performance rendered. Whether the plaintiffs knew or should have known of any defect that made the contract null would appear to be a factual determination to be made by the trial court based on evidence before it.
The Watleys contend that WTP may not plead as a basis for recovery either quantum meruit or unjust enrichment since the trial court has ruled no cause of action exists to enforce the alleged contract. We find no merit in this contention. First, as discussed above, La. C.C. art. 2033 provides avenues for recovery even though a contract is an absolute nullity. Second, the Louisiana Supreme Court in Baker v. Maclay Properties, Co., 94-1529 (La.1/17/95), 648 So.2d 888, recognized that even where a contract is a nullity, recovery may be had under the theory of unjust enrichment.
In Baker v. Maclay, supra, the plaintiff sued to recover brokerage fees owed under a cooperating brokerage agreement. The agreement was found to be unenforceable as it was based upon an unconstitutional statute and regulation. Despite the nullity of the contract, the plaintiff was allowed to pursue his claim under the alternative theory of unjust enrichment or actio de in rem verso. In a supplemental petition, the plaintiff had stated an alternative claim for quantum meruit damages. The court explained that the civilian concept of quantum meruit refers to the measure of compensation or price unstated in a contract. In the absence of a contract, such as where a contract is declared an absolute nullity, there can be no determination of the measure of compensation or price and there can be no recovery under quantum meruit. The court also noted that the civilian concept of quantum meruit is at times used interchangeably with the common law concept of quantum meruit, which is a substantive law claim geared to equity.
In Dumas and Associates, Inc. v. Lewis Enterprises, Inc., 29,900 (La.App.2d Cir.12/22/97), 704 So.2d 433, this court addressed the distinction between the civilian concept and the common law concept of quantum meruit. Under the civilian concept, a contract exists and the court merely supplies a price. Under the common law concept, which is analogous to actio de in rem verso or unjust enrichment, no contract exists, and the court provides a substantive basis for recovery.
In the instant case, where it has been determined that no cause of action exists for enforcement of the alleged contract, WTP may still seek recovery under the alternative theory of unjust enrichment. The following five requirements must be satisfied for a showing of unjust enrichment, or actio de in rem verso: (1) there must be an enrichment, (2) there *750 must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff. Baker v. Maclay Properties Co., supra; Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
In paragraphs "XIIa" and "XIIb" of the first amended petition, WTP alleges unjust enrichment. However aside from these two paragraphs, the amended petition repeats all other allegations of the original petition relating to breach of contract. Under the fact pleading utilized in Louisiana, a party may be granted any relief to which he is entitled under the pleadings and the evidence so long as the facts constituting the claim are alleged. La. C.C.P. art. 865; Lowrey v. Pettit, 31,881 (La.App.2d Cir.5/7/99), 737 So.2d 213; Hailey v. Hickingbottom, 30,728 (La. App.2d Cir.6/24/98), 715 So.2d 647. The petition must set forth the facts upon which recovery can be based. Otherwise, the defendant would have neither adequate notice of the allegation nor an opportunity to counter the claim. Sledge v. Continental Cas. Co., 25,770 (La.App.2d Cir.6/24/94), 639 So.2d 805. While it appears that WTP intends to state a claim for unjust enrichment and has attempted to do so, we do not find that the petition, which for the most part repeats the allegations underlying the breach of contract claim, alleges facts with sufficient specificity to support such a claim. As such, it was error for the trial court to deny the exception of no cause of action as to the claims for unjust enrichment. However, in light of the confusion surrounding the theories of quantum meruit and unjust enrichment and pursuant to La. C.C.P. art. 934, we believe that remand is warranted to afford WTP an opportunity to amend its petition to state a cause of action, if possible, in accord with this opinion.

CONCLUSION
For the reasons discussed, we reverse the trial court's denial of the exception of no cause of action as to the plaintiff's claim for unjust enrichment. We hereby remand this matter to the trial court to allow the plaintiff to file an amended petition, if possible, stating a cause of action in accord with this opinion. Such amendment is to be filed with the First Judicial District Court within 15 days from the rendition of this opinion.
REVERSED AND REMANDED.
NORRIS, C.J., concurs in the result.
CARAWAY, J., dissents with reasons.
CARAWAY, J., dissenting.
I respectfully dissent.
While initially noting the existence of La. C.C. art. 2033 and suggesting its application, the majority concludes by resorting to equity or unjust enrichment for its analysis of plaintiff's cause of action. In my opinion that relatively new and untested revised article of our Civil Code is broad enough to stand as the specific rule of law which can afford relief in this instance. Additionally, our highest court once expressed in dicta, before the enactment of Article 2033, that "[i]ssues such as ... unjust enrichment between the parties to contracts with illegal objects which violate prohibitory laws of public morals will not be considered." A Better Place, Inc. v. Giani Investment Company, 445 So.2d 728, 732 (La.1984).
Even more significant, from my review of plaintiff's petition, the basic facts of this controversy have already been pled regardless of the applicable law. The plaintiff entered what it considered to be a valid contractual arrangement with the defendant lawyers and performed under the contract by providing them services. The lawyers were allegedly enriched, and the plaintiff impoverished because the plaintiff recovered virtually nothing for its services. What other fact must be pled? The majority *751 opinion leaves We the People uninformed.