| Judge STEVEN R. PLOTKIN.
Plaintiff Cynthia Watson appeals a trial court judgment granting a motion for summary judgment filed by defendant Otis Elevator Service Co., dismissing her suit. Ms. Watson also challenges the trial court’s denial of her motion to amend her petition. We affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this decision.
Ms. Watson allegedly sustained injuries to her left hand and knee as a result of an accident that occurred on June 10, 1997, when she fell while trying to enter the employee elevator (Elevator # 6) at University Hospital, where she worked as' a phlebotomist. Ms. Watson claims that she was making her rounds, a necessary part of her job, when the elevator floor became misaligned with the floor of the building as she tried to enter the elevator.
Ms. Watson filed suit against Otis Elevator and Millar Elevator Service Co., seeking damages arising from her fall. Millar Elevator was later dismissed from the suit on Ms. Watson’s motion, leaving Otis Elevator as the only defendant. Thereafter, Otis Elevator filed a motion for summary judgment, seeking dismissal of Ms. Watson’s suit. Otis Elevator asserted in its motion for summary judgment that Ms. Watson could not carry her burden of proving either that Elevator #6 at ^University Hospital had a defect, or that Otis Elevator had notice of any defect that might have been in the elevator.
Ms. Watson originally opposed the motion for summary judgment by filing a motion to extend the discovery cut-off deadlines, which had already passed, to allow Ms. Watson additional time to obtain an expert witness to oppose the motion for summary judgment. At the hearing on the motion for summary judgment, the trial court continued the motion to allow plaintiff additional time to secure the services of an expert witness. Thereafter, Ms. Watson filed a motion to compel production of documents and records sought from Otis Elevator on the request of Ms. Watson’s expert witness, David Luxemburg.
The trial court heard the motion for summary judgment prior to the motion to compel production, but took the summary judgment motion under advisement. Thereafter, the trial court heard the motion to compel. On December 5, 2000, the trial court issued a written judgment partially granting Ms. Watson’s motion to compel production of documents and ordering Otis Elevator to produce certain documents and records. However, two days later, on December 7, 2000, the trial court issued another written judgment, this time granting the motion for summary judgment and dismissing Ms. Watson’s case against Otis Elevator. Ms. Watson appeals the judgment granting the summary judgment.
La. C.C.P. art. 966(C)(1), which controls motions for summary judgment, states, in pertinent part, as follows:
After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(Emphasis added.)
LWe find that the trial court improperly granted Otis Elevator’s motion *933 for summary judgment under the facts of this case. The trial judge granted Ms. Watson’s motion to compel discovery on December 5, 2000, apparently finding that adequate discovery had not been completed in this case. Then, just two days later, the trial judge issued an inconsistent judgment, granting Otis Elevator’s motion for summary judgment. When a trial judge has ordered the production of documents sought by one of the parties to a case, the judge must allow time for production of the document prior to granting a motion for summary judgment in favor of the other party. Accordingly, we reverse the trial court judgment granting the motion for summary judgment, order that Otis Elevator fulfill the trial court’s order compelling production of the documents and reports, and that the trial court reset the hearing on the motion for summary judgment after the passage of adequate time for Ms. Watson’s expert to evaluate the documents and reports produced by Otis Elevator.
Ms. Watson also complains of the trial judge’s decision denying her motion to amend her petition. La. C.C.P. art. 1733, relative to demand for jury trial, states as follows:
A. A party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C. The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for trial by jury.
The motion to amend filed by Ms. Watson in the instant case does not contain any allegations “directed to any issue triable by a jury,” but simply alleges that her is claim is for more than the amount requisite for a jury trial. Moreover, |4our review of the record indicates that no other pleading “directed to any issue triable by a jury” was filed with 10 days of the date Ms. Watson filed her motion to amend. Accordingly, we find no error in the trial court judgment denying Ms. Watson’s motion to amend.
We affirm the trial court judgment denying Ms. Watson’s motion to amend, and reverse the trial court judgment granting Otis Elevator’s motion for summary judgment. We remand to the trial court for further proceedings consistent with this decision.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.