868 So.2d 967 (2004)
LEAKE & ANDERSSON, LLP.
v.
SIA INSURANCE COMPANY (RISK RETENTION GROUP), LTD.
No. 2003-CA-1600.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
Rehearing Denied April 7, 2004.
Donald E. McKay, Jr., Leake & Andersson, LLP, New Orleans, LA, for Plaintiff/Appellee.
Scott W. McQuaig, W. Chad Stelly, Colette C. Ranatza, McQuaig & Stelly, Metairie, LA, for Defendant/Appellant.
*968 (Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR.).
MICHAEL E. KIRBY, Judge.
This appeal arises out of the granting of a motion for summary judgment that awarded appellee legal fees and costs allegedly owed in connection with appellee's legal representation of appellant in a separate proceeding. For the reasons assigned, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Leake & Andersson, L.L.P. (appellee) provided legal representation to SIA Insurance Company (Risk Retention Group), Ltd. (appellant) in a lawsuit entitled Darrell Faia v. Sonny Scaffolds, Inc. and SIA Insurance Company, United States District Court, Eastern District of Louisiana, Civil Action No. 01-1631. On January 3, 2003, appellee filed these proceedings to recover attorney's fees and costs allegedly owed by appellant in connection with that matter. Appellant filed an answer in the form of a general denial on February 27, 2003. On March 14, 2003, appellee filed a motion for summary judgment.
On April 9, 2003, appellant issued discovery requests to appellee. Appellant had not received the discovery responses as of May 16, 2003 when the trial court heard the motion for summary judgment. Appellant filed a memorandum in opposition to the summary judgment arguing that substantial issues of material fact existed and that the incomplete discovery pertained to those issues.
Notwithstanding appellant's opposition, the trial court granted appellee's motion for summary judgment on May 22, 2003. Appellee was awarded $34,030.13 in attorney's fees and costs as requested, and an additional $2,500.00 attorney's fees for the prosecution of the instant lawsuit. On July 8, 2003, appellant filed a motion for suspensive appeal. Appellee thereafter filed a motion to dismiss the suspensive appeal as untimely; and, on September 30, 2003, this Court converted the appeal to a devolutive appeal.

ARGUMENT:
Appellant asserts two assignments of error. It first argues that the trial court erred in granting the summary judgment, and second, that the trial court erred in awarding appellee $2,500.00 in attorney's fees for the prosecution of the instant lawsuit.
Appellant argues that genuine issues of material fact remain as to the accuracy and reasonableness of the fees and costs sought in connection with the prior lawsuit. Specifically, appellant maintains that no invoices or other supporting documentation were provided as to the scope of the legal services, the calculation of the fees billed, the payments made by appellant, the hourly rate charged, the net terms on the billing statements, and the details of what personnel, i.e., attorneys or supporting staff, performed the services. Appellant further submits that these material questions of fact are what prompted the issuance of the discovery requests.
Appellant contends that the only evidence produced in support of the motion for summary judgment was an affidavit, and that the affidavit did not address nor resolve the numerous factual issues. Appellant points out that the affidavit states, merely in a conclusory manner, that the damages sought were "based on timesheets prepared by attorneys and paralegals on or near the date on which the service is rendered." Further, appellant argues that the affidavit ambiguously indicates that "in connection with services provided and the cost and expenses advanced," and that "after crediting all payments *969 made," the amount due is $34,030.13.
Alternatively, appellant asserts that the trial court granted the motion for summary judgment prematurely. In support of this argument, appellant cites La. C.C.P. art. 966(C)(1), which provides in part that a motion for summary judgment may be considered after "adequate discovery." Accordingly, appellant contends that any decision on the motion for summary judgment should be deferred until discovery is more complete. Doe v. ABC Corporation, 00-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136; Watson v. Otis Elevator Company, 01-0419 (La.App. 4 Cir. 4/17/02), 816 So.2d 931.

DISCUSSION:
The standard of review for a summary judgment is de novo. Jefferson v. Cooper/T. Smith Corp., 02-2136 (La.App. 4 Cir. 10/1/03), 858 So.2d 691.
Generally, a motion for summary judgment may only be granted "[a]fter adequate discovery or after a case is set for trial ...". La. C.C.P. art. 966(C)(1). Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case. Doe, 00-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136; Rumore v. Wamstad, 99-557, p. 7 (La.App. 5 Cir. 2/8/00), 751 So.2d 452, 456, citing Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908 (La.1986).
In the present case, we find that the information sought by appellant pertains directly to the unresolved factual issue of whether the attorney fees were reasonable. Accordingly, we find the granting of summary judgment to be premature and, likewise, all other assignments of error need not be addressed.

CONCLUSION:
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED