TASHA PAYNE, ET AL.   *   NO. 2021-CA-0135

VERSUS   *

      COURT OF APPEAL

ST. BERNARD PARISH   *
HOSPITAL SERVICE      FOURTH CIRCUIT
DISTRICT, ET AL.     *

      STATE OF LOUISIANA

    * * * * * * *


APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 20-0040, DIVISION "A"
Honorable Robert J. Klees, Judge Pro Tempore
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *
ON APPLICATION FOR REHEARING

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)

*LEDET, J., DISSENTS WITH REASONS*

John A. Venezia
Julie O'Shesky
VENEZIA & ASSOCIATES, APLC
757 St. Charles Ave., Suite 302
New Orleans, LA 70130

   COUNSEL FOR PLAINTIFF/APPELLANTS

Carl E. Hellmers, III
Stephanie D. O'Brien
FRILOT L.L.C.
1100 Poydras St., Suite 3700
New Orleans, LA 70163

   COUNSEL FOR DEFENDANT/APPELLEE, OCHSNER MEDICAL
   CENTER-WESTBANK, LLC

       **APPLICATION FOR REHEARING**
       **GRANTED; OCTOBER 13, 2021**
       **OPINION VACATED; AFFIRMED**

    **DECEMBER 1, 2021**

EAL

RLB

This matter is before the Court on an Application for Rehearing filed by Appellee Ochsner Medical Clinic-Westbank (Ochsner). Ochsner seeks the reversal of the October 13, 2021 opinion of this Court, wherein we held that the January 5, 2021 judgment sought to be reviewed by the Appellants, Tasha Payne, Lawrent Payne, Parson Payne and Talia Payne, was an invalid final judgment that was unappealable. As a result, we dismissed the appeal without prejudice and remanded the matter for further proceedings.

Finding the Application for Rehearing has merit, we grant the application and vacate the October 13, 2021 opinion. Moreover, pursuant to our *de novo* review, we affirm the January 5, 2021 judgment of the district court.

## APPLICATION FOR REHEARING

As stated above, on October 13, 2021, this Court issued an opinion dismissing the instant appeal without prejudice and remanding the matter to the district court because we determined that the January 5, 2021 judgment was not a final judgment. We held the judgment was unappealable because it was executed by a sitting judge, who did not preside over the December 3, 2020 summary

1

judgment hearing.[1]  Ochsner asserts that La. Rev. Stat. 13:4209 expressly grants authority for a succeeding judge to sign a judgment that conforms with a judgment rendered by a previous judge. We agree.

La. Rev. Stat. 13:4209, entitled *Decisions by successor judge*, provides in pertinent part:

> B. (1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
>
> (2) If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment.

Consistent with the provisions of Section B, Judge Klees granted the Appellees' respective motions, noting on the record his affirmative intent to sign a judgment prior to the impending end of his appointment. The judgment was ultimately signed by his successor, Judge McGoey, which is also consistent with both sections of the aforementioned statute. Therefore, finding that La. Rev. Stat. 13:4209(B) is applicable in the instant matter and that the January 5, 2021 judgment is a properly executed final judgment, we grant the Application for Rehearing and vacate the October 13, 2021 judgment.

---

[1] Judge Robert Klees, judge *pro temporare*, presided over the instant matter in Division "A". Subsequently, Judge William McGoey was elected to Division "A" and executed the January 5, 2021 judgment at issue.

2

## THE PAYNES' APPEAL

As stated above, the Appellants seek review of the January 5, 2021 judgment of the district court, granting the respective motions for summary judgment of the Appellees, St. Bernard Parish Hospital Service District (SBPH) and Ochsner. Pursuant to our *de novo* review, we affirm the judgment of the district court.

### Facts and Procedural History

This is a medical malpractice case where the Appellants allege the Appellees are responsible for the death of their mother, Nellie Payne.

On the morning of April 25, 2017, Ms. Payne was suffering from severe abdominal pain and was transported by ambulance from her home to SBPH for treatment. While in route to the hospital, an electrocardiogram (EKG) was taken, which the Appellants allege revealed abnormal results. A few hours after being treated in SBPH's emergency room, Ms. Payne was transferred to Ochsner with a presumptive diagnosis of sepsis and pyelonephritis.[2]

At Ochsner, another EKG was performed on Ms. Payne, whose condition gradually deteriorated as she began having difficulty breathing.[3] She was eventually transferred to the ICU where she was placed on a ventilator. She passed away at Ochsner on April 28, 2017.

---

[2] The Appellants assert that upon Ms. Payne's transfer, SBPH neglected to apprise Ochsner of the tests performed on Ms. Payne at SBPH, which indicated she had tachycardia. They further alleged SBPH failed to inform Ochsner of abnormal EKG results.
[3] Ochsner's records, the Appellants contend, reflect Ms. Payne had an abnormal pulse and blood pressure at varying times. They further aver that the results of the EKG performed at Ochsner indicated sinus tachycardia.

The Appellants note that Ms. Payne's death certificate lists her cause of death as myocardial infarction that lead to cardiogenic shock followed by respiratory failure. They contend the Appellees failed to properly diagnose Ms. Payne and address her heart-related issues.

The Appellants requested the Louisiana Division of Administration form a medical review panel to review this matter. Ultimately, on October 15, 2019, the panel unanimously opined that no malpractice occurred. The opinion states:

> The evidence does not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint.
>
> Specifically, the members of the medical review panel conclude as to St. Bernard Parish Hospital the following:
>
> 1) The nurses appropriately followed all the orders of the physicians.
>
> Specifically, the members of the medical review panel conclude as to Ochsner Medical Center- West Bank the following:
>
> 1) The patient was admitted for the presumptive diagnosis of sepsis and pyelonephritis. She was managed appropriately by Ochsner. When the patient began to have respiratory distress in the early hours on April 26, 2017 the on-call physician was notified. The patient was seen in a timely manner and rendered appropriate care from that point.

Thereafter, the Appellants filed their Petition for Wrongful Death and Survival Action on January 15, 2020. In the fall of 2020, SBPH and Ochsner filed respective motions for summary judgment, asserting the inability of the Appellants to prevail because they lacked a medical expert to establish that malpractice

occurred.[4] After the initial motion for summary judgment was filed, the Appellants began contacting members of the medical review panel to depose, but to no avail.

In opposition to the motions, the Appellants asserted three arguments:

- the negligence of the Appellees is obvious, which obviates the need for medical expert testimony;

- the Appellants can rely upon the testimony of defense experts and the medical review panelists to establish that the Appellees breached the applicable standard of care; and

- the motions for summary judgment are premature because discovery is incomplete.

Following a contradictory hearing, the district court granted the motions on December 3, 2020. This timely appeal followed. The Appellants raise two issues on appeal:

1. The district court erred in granting the summary judgment based upon their lack of an expert witness because the negligence at issue was so obvious that it does not necessitate expert witness testimony under *Broussard v. Medical Protective Company,* 06-331 (La. App. 3 Cir. 2/21/07) 952 So.2d 813.

2. The district court abused its discretion in failing to consider that more time was needed for discovery in a case that was less than a year old and to account for the difficulties COVID-19 presented in securing an expert.

**Standard of Review**

Appellate courts review motions for summary judgments under the *de novo* standard of review:

---

[4] SBPH filed its motion for summary judgment on September 9, 2020, and Ochsner filed its motion on October 5, 2020.

5

> 'Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate.' *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 4 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 337. '[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.' *Romain v. Brooks Restaurants, Inc.*, 2020-0243, p. 3 (La. App. 4 Cir. 11/18/20), 311 So.3d 428, 431 (quoting La. C.C.P. art 966(A)(3)).

*Bercy v. 337 Brooklyn, LLC*, 20-0583, pp. 2-3 (La. App. 4 Cir. 3/24/21), 315 So.3d 342, 345, *writ denied*, 21-00564 (La. 6/22/21), 318 So.3d 698.

The mover's burden of proof is to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. La. Code Civ. Proc. art. 966(D)(1). The burden then shifts to the adverse party who has the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966(D)(1); *See also* La. Code Civ. Proc. art. 967(B).

## Obviousness of Malpractice

Appellants argue that this is a case where an obviously careless act occurred based upon their review of Ms. Payne's medical records and *Broussard v. Medical Protective Company,* 06-331 (La. App. 3 Cir. 2/21/07) 952 So.2d 813.

*Broussard* is a medical malpractice case filed by the widower and son of patient/decedent Grace Broussard against her treating physician, Dr. John Burton, and his insurer. The plaintiffs claimed Dr. Burton failed to adequately rule out a cardiac problem that proved to be fatal for Mrs. Broussard. *Id.*, 06-331, p. 2, 952 So.2d at 816.

Mrs. Broussard was a 60 year-old smoker with a family history of heart disease when she presented to a hospital emergency room complaining of chest pain, nausea, vomiting, and diarrhea. *Id.*, 06-331, p. 1, 952 So.2d at 815. Dr. Burton ordered various tests, including an EKG and chest x-rays, for her. *Id.*, 06-331, pp. 1- 2, 952 So.2d at 815-16. Despite abnormal EKG results indicating cardia ischemia, Dr. Burton diagnosed Mrs. Broussard with gastroenteritis based on her complaints of nausea, vomiting, and diarrhea, and the outcome of the blood tests. His treatment for that diagnosis, however, failed to affect her ongoing chest pain. After approximately four hours of treatment, Dr. Burton later gave Mrs. Broussard a shot of morphine for her pain prior to discharging her. She passed away two hours after her discharge. *Id.*, 06-331, p. 2, 952 So.2d at 816.

At trial, the jury rendered a verdict in favor of Dr. Burton after twice seeking clarification of the standard of care. *Id.* The district court entered judgment consistent with the verdict. The Third Circuit reversed the district court, finding juror confusion that resulted in the jury's manifestly erroneous finding that Dr. Burton did not commit malpractice. *Id.*, 06-331, p. 5, 952 So.2d at 818. The *Broussard* Court reasoned that Dr. Burton failed to exclude a possible life-

threatening diagnosis prior to discharging Mrs. Broussard, evidencing that he deviated from the applicable standard of care:

> While Mrs. Broussard presented with symptoms that could be diagnosed as indicative of problems other than cardiac in nature, the simple fact of this case is that she presented with an abnormal EKG that indicated possible cardiac ischemia. This fact was known by Dr. Burton, and it was his duty to rule out this possible life threatening condition before discharging her.

Dr. Burton testified that he had to consider the fact that the cardiac ischemia could be acute and that he should have performed a second EKG upon seeing the initial EKG results indicating cardiac ischemia. *Id.*, 06-331, pp. 3-5, 952 So.2d at 817-18. In reversing the lower court, the *Broussard* Court also relied on the testimony of two defense experts in finding cardiac ischemia was a possible diagnosis that should have been ruled out.

The *Broussard* Court held that Dr. Burton admitted in his testimony that he breached the standard of care by failing to rule out a diagnosis of cardiac ischemia for Mrs. Broussard prior to her hospital discharge. The Court determined said breach contributed to Mrs. Broussard's death, as she would have had a 90% chance at survival had Dr. Burton admitted her to the hospital. The court reversed the jury's judgment and rendered judgment in favor of the Appellants. *Id.*

*Broussard* does not involve issues pertaining to the discovery process at the trial court level, nor the experts relied upon by the parties leading up to trial. *Broussard* was decided by both the district and appellate courts in a different procedural posture than the matter *sub judice*, making it inapplicable here. Thus, to the extent that the Appellants rely upon *Broussard* and the testimony of the experts cited therein to substantiate their own claims, their reliance is misplaced.

8

The Appellants' burden was to supply their own expert(s) to establish that the Appellees failed to rule out the alleged cardiac diagnosis. The Appellants failed to meet this statutory obligation, which cannot be satisfied by relying upon the holdings of a case they believe to be analogous their own.

Pursuant to La. Rev. Stat. 9:2794(A), a plaintiff asserting a cause of action for medical malpractice must establish by a preponderance of the evidence:

(1) the applicable standard of care,

(2) a deviation from the standard of care, and

(3) that the deviation from the standard of care caused plaintiff's damages.

In establishing the relevant standard of care, expert witnesses are a necessary source of proof in medical malpractice to determine if a defendant failed to exercise reasonable care. *Martin v. East Jefferson General Hospital*, 582 So.2d 1272, 1276 (La. 1991). This expert testimony has been required in Louisiana jurisprudence when "complex medical and factual issues" are involved rather than an "obviously careless act." *Pfiffner v. Correa*, 94-0992 (La. 10/17/94), 643 So.2d 1228, 1233. Obviously carless acts are those that lay jurors can perceive:

> Although the jurisprudence has recognized exceptions in instances of obvious negligence, these exceptions are limited to "instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can." *Williams v. Memorial Medical Center*, 2003-1806, p. 16 (La. App. 4 Cir. 3/17/04), 870 So.2d 1044, 1054; *Pfiffne*r, [94-0992, 94-0963,] 94-0924 at p. 9, 643 So.2d at 1234; *see also Coleman v. Deno*, 2001-1517, p. 20 (La. 1/25/02), 813 So.2d 303, 317. The jurisprudence has thus recognized that "an expert witness is generally necessary as a matter of law to prove a medical malpractice claim." *Williams*, 2003-1806 at p. 16, 870 So.2d at 1054; *Williams v. Metro Home Health Care Agency, Inc.*, 2002-0534, p. 5 (La. App. 4 Cir. 5/8/02), 817 So.2d 1224, 1228.

*Jordan v. Cmty. Care Hosp.*, 19-0039, p. 1 n. 3 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 570 (quoting *Winding v. Bryan*, 14-0388, p. 1, n. 1 (La. App. 4 Cir. 9/17/14), 148 So.3d 956, 957).

The facts of the matter *sub judice* do not involve an "obvious" scenario as evidenced by the diagnoses Ms. Payne received as well as the opinion of the medical review panelists and treating physicians being at odds with the cause of death stated in Ms. Payne's death certificate.

Moreover, medical malpractice cases involving transfer decisions, a decision that a patient needs to be moved from one facility to another, "cannot likely be established *without* expert medical testimony." *Jordan,* 19-0039, p. 18, 276 So.3d at 579–80 (quoting *Trotter v. Baton Rouge Gen. Med. Ctr.*, 15-1577, p. 8 (La. App. 1 Cir. 3/21/17) (unpub.), 2017 WL 1078614, *3 (citing *Coleman v. Deno*, 01-1517, p. 20 (La. 1/25/02), 813 So.2d 303, 317)[Emphasis added]. As stated above, the instant matter involves the transfer of Ms. Payne from SBPH to Ochsner.

Pursuant to our *de novo* review, we find the Appellants were required to retain an expert to support their malpractice claim as this matter does not involve an obvious careless act. This assignment of error is without merit.

**Discovery**

The Appellants assert the district court erred in failing to consider that additional time was needed for discovery considering the case was less than one-year old and that the COVID-19 pandemic prevented them from securing an expert.

The record reflects that a medical review panel was impaneled in 2018, and rendered its decision in favor of the Appellees on October 16, 2019. The

10

Appellants filed their petition on January 15, 2020. Although the Appellants assert that COVID-19 precluded them from conducting discovery, they do not explain what steps they took to engage in discovery prior to the pandemic and thereafter. The Appellees contend that approximately six months passed between the time the panel convened and the beginning of COVID-19 restrictions. Moreover, 11 months elapsed between the rendering of the panel's October 2019 opinion and the filing of the first motion for summary judgment. The Appellants also fail to explain how COVID-19 acted as a barrier, especially as the opportunity to conduct written or virtual discovery existed. Lastly, the Appellants make no mention of an expert they wanted to secure, but were unable to due to the panedemic. They first made attempts at scheduling the depositions of the medical review panelists in October 2020, after the first motion for summary judgment was filed.

Our Court has previously recognized four factors should be weighed when addressing an adequate discovery claim in opposition to a motion for summary judgment:

> (i) whether the party was ready to go to trial,
> (ii) whether the party indicated what additional discovery
> was needed,
> (iii) whether the party took any steps to conduct
> additional discovery during the period between the filing
> of the motion and the hearing on it, and
> (iv) whether the discovery issue was raised in the trial
> court before the entry of the summary judgment.

*Roadrunner Transportation Sys. v. Brown*, 17-0040, pp. 11-12 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1273 (internal citations omitted).[5]

---

[5] "Construing [La. Code Civ. Proc.]Article 966, this court has held that '[a]lthough the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case.' " *Roadrunner Transportation Sys. v. Brown*, 17-0040 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1273 (citing *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd.*, 03-1600, pp. 3-4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969).

In applying the aforementioned factors, we note the Appellants were not ready to go to trial, but a trial date was not set, so this factor is immaterial to our review. The Appellants indicated more discovery was needed after the Appellees' respective motions for summary judgment were filed. They took their first steps at scheduling depositions of medical review panelists after the first motion for summary judgment was filed. The Appellants maintain that this is because pandemic orders went into effect statewide in March 2020 and public interactions increased in the fall. They offer no proof of what attempts they made at discovery. The need for additional discovery was briefed by the Appellants and raised before the district court at the hearing on the motions.

The application of these factors in this matter militates towards denying the request for extension because allowing the Appellants an extension of time to depose medical review panelists would not resolve the issue that they lacked a medical expert to establish that the Appellees deviated from the standard of care. Under the unique facts of this matter, the Appellants are not owed any latitude because of the pandemic because they have not shown what steps they took to conduct discovery pre-pandemic and during the pandemic up until the motions for summary judgment were filed. Additionally, their failure to identify their own expert coupled with their reliance upon deposing panelists, who are adverse to their position, does not provide a sound reason for permitting them additional time to conduct discovery.

---

"Similarly, the Louisiana Supreme Court, construing that Article 966, has held that '[u]nless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.' " *Id*. (quoting *Simoneaux v. E.I. du Pont de Nemours & Co*., 483 So.2d 908, 913 (La. 1986)).

Moreover, a party's "mere contention" that he or she "lacks sufficient information to defend the motion and that he needs additional time to conduct discovery is insufficient to defeat the motion." *Bass P'ship v. Fortmayer*, 04-1438, pp. 6-7 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 73 (citing *Crocker v. Levy*, 615 So.2d 918 (La. App. 1 Cir.1993); *Barron v. Webb*, 29,707 (La. App. 2 Cir. 8/20/97), 698 So.2d 727). "However, when the plaintiff alleges sufficient reasons why additional evidence to oppose the summary judgment motion could not be produced, it is an abuse of discretion for the trial court to deny the plaintiff's request for a continuance." *Id.* (citing *Migliore v. Kinsley*, 531 So.2d 1091, 1094 (La. App. 4 Cir. 1988); *Leake & Andersson, L.L.P. v. SIA Ins. Co.*, 03-1600 (La. App. 4 Cir. 3/3/04), 868 So.2d 967).

In the instant matter, the Appellants' lack sufficient reasons to justify the need for a continuance. Their argument does not alter the fact that they lack an expert to substantiate their medical malpractice claim. The district court did not abuse its discretion in denying the Appellant's request for further discovery. This assignment of error is without merit.

### DECREE

For the foregoing reasons, we grant the Application for Rehearing of Ochsner Medical Clinic-Westbank, and vacate the October 13, 2021 judgment. The January 5, 2021 judgment of the district court, granting the motions for summary judgment of Ochsner Medical Clinic-Westbank and St. Bernard Parish Hospital Service District, is affirmed.

**APPLICATION FOR REHEARING
GRANTED; OCTOBER 13, 2021
OPINION VACATED; AFFIRMED**

13