975 So.2d 825 (2008)
Jackie ANDREWS, Plaintiff-Appellee
v.
Fannie Clyde BARHAM, Defendant-Appellant.
No. 42,962-CA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*826 J. Ransdell Keene, for Appellant.
Chris L. Bowman, Jonesboro, for Appellee.
Before BROWN, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
Defendant, Fannie Clyde Barham, appeals a judgment of the Ruston City Court, Parish of Lincoln, State of Louisiana, in favor of plaintiff, Jackie Andrews. For the following reasons, we affirm.

FACTS
On March 8, 2004, Jackie Andrews, a contractor, submitted a proposal to Fanny Clyde Barham to have flooring work performed. The agreement was that Barham would pay $17,500.00 to Andrews for the application of a permanent concrete stain on the floors of the two adjoining commercial rental buildings that Barham owned.
After completion of the first building, Barham paid Andrews half of the negotiated *827 price, $8,750. Andrews encountered problems with the flooring in the second building, which in his opinion would not accept the stain and provide a uniform color. Ultimately, Andrews used an epoxy sealant and painted the floor. When the work was finished, Barham refused to pay for the work in the second building.
On December 1, 2005, Andrews filed suit in Ruston City Court against Barham on an "open account." Barham reconvened alleging a breach of contract, loss of revenue, and damages. After a bench trial, the trial court found that while Andrews did make a unilateral decision about the flooring, Barham benefited from the labor and obtained a floor. Accordingly, he awarded Andrews 50% of the contract balance, $4,375.00. Barham now appeals.

LAW AND DISCUSSION
On appeal, Barham argues that the trial court erred in awarding $4,375.00 to Andrews under the theory of quantum meruit. Barham states that because it was not specifically pleaded and there was a written contract, the theories of quantum meruit or unjust enrichment do not apply in this case.
An appellate court may not set aside a trial court's findings of fact in the absence of clear or manifest error. Lewis v. State, Through DOTD, 1994-2730 (La.04/21/95), 654 So.2d 311; Rosell v. ESCO, 549 So.2d 840 (La.1989); Thompson v. Coates, 29,333 (La.App. 2d Cir.05/07/97), 694 So.2d 599, writs denied, 97-1442 (La.09/26/97), 701 So.2d 985 and 97-1521 (La.09/26/97). To reverse a trial court's factual determinations, a court of appeal must find, based on the record, that no reasonable factual basis for the findings exists and that the findings are clearly wrong or manifestly erroneous. Mart v. Hill, 505 So.2d 1120 (La. 1987); Thompson v. Coates, supra. The issue to be resolved by the appellate court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Lebeaux v. Newman Ford, 28,609 (La.App. 2d Cir.09/25/96), 680 So.2d 1291; Dismuke v. Quaynor, 25,482 (La.App. 2d Cir.04/05/94), 637 So.2d 555, writ denied, XXXX-XXXX (La.07/01/94), 639 So.2d 1164.
At trial, Barham testified that the main reason she wanted permanent concrete stained floors was because it was considered low maintenance. She also explained that she wanted the work to be completed quickly because Mitch Spillers, a future tenant, was waiting for the floors to be completed before he moved in to start up his commercial business. Andrews testified that he began working on the second building and pulled up the existing carpet, only to find that the whole building was tiled. Andrews further testified that it took a lot more work than he expected to remove the tiles to get to the cement surface. Once he reached the cement surface, Andrews explained that there were areas of old paint that could not be removed. As a result, Andrews could not stain the cement because the floor color would not be uniform.
At some point, once Andrews determined that staining the floors was not an option, Spillers and Andrews discussed other alternatives for the floor, including paint. Andrews used an epoxy sealant before he painted, which in his opinion was ideal for high traffic conditions. There was differing testimony as to whether Barham was made aware of the issues Andrews had encountered and whether Spillers, who ultimately picked the paint color, had some authority in the decision-making process. Nonetheless, what is clear is that at some point Barham noticed Andrews "rolling" paint and did not object. Eventually, Spillers moved in and started his business and, at the time of trial, continued *828 to lease the premises. However, Spillers testified that the painted floor is now peeling off in strips and will have to be repainted soon.
The trial court astutely noted in its opinion that:
Though the defendant did not obtain what she bargained for with respect to the second building, the defendant did benefit from the labor and time expended by the plaintiff. The defendant obtained a floor, albeit with defects, which was sufficient enough to satisfy her tenant without demand by him for a diminution of the rent previously negotiated. The Court notes the same tenant has continued to occupy the defendant's commercial buildings since the original work in 2004. It would seem unfair for the plaintiff to expend such labor and time without some recompense. Further it would seem unfair to allow defendant to witness the wrong turn the plaintiff was taking, and quietly stand by and allow the job to be finished while formulating the intent to refuse payment at the end. On the other hand, it would be at least equally unfair to require the defendant to pay full price for a job that was not what she contracted for, and for which she was never consulted, apprised or given the opportunity to approve or disapprove and for which at some point she will have to revisit.
We cannot find that the trial court was clearly wrong in its analysis, yet because a contract existed neither quantum meruit or unjust enrichment is available as a theory of recovery. Dumas and Associates, Inc. v. Lewis Enterprises, Inc., 29,900 (La. App. 2d Cir.12/22/97), 704 So.2d 433. However, the trial court's analysis establishes that there was substantial performance of the contract for which there is a remedy. Although not specifically pleaded, Andrews alleged facts in his petition with sufficient specificity for a theory of recovery based on the contract. La. C.C.P. art. 865; "We the People" Paralegal Services, L.L.C. v. Watley, 33,480 (La.App. 2d Cir.08/25/00), 766 So.2d 744.
A contractor may still recover part of the contract price, notwithstanding defects, when substantial performance is shown. Cascio v. Henry Hays Carpet and Decorating, 42,653 (La.App. 2d Cir.10/24/07), 968 So.2d 844, 851. Determination of substantial performance is a question of fact about whether the construction is fit for its intended purpose despite deficiencies. Id. Factors that may be considered in determining whether the contractor achieved substantial performance include the extent of the defects or non-performance, the degree to which the purpose of the contract has been impaired, the ease of correction, and the use or benefit to the owner of the work performed. Id.
The record reflects, and the trial court took into consideration, that despite some deficiencies, the flooring was not shown to be unsuitable for its intended purpose. Only issues for review on appeal are those adjudicated in the final judgments because this court reviews judgments and not reasons for judgment. Hickman v. Bates, 39,178 (La.App. 2d Cir.12/15/04), 889 So.2d 1249. Accordingly, while a different theory of recovery was appropriate, we agree with the trial court's judgment that Andrews is entitled to only half the contract price given the future flooring issues that Barham will have to address.
Finally, Barham argues that she was entitled to damages for loss of rent since the flooring was delayed for several months making the space unavailable to lease. While Barham did testify that time was of the essence, the terms of the contract did not reflect a date in which the *829 floors had to be completed. Furthermore, the record reveals that work was being done continuously and there was no real issue of non-performance. Therefore, the trial court did not err in denying the award for damages.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment and award Jackie Andrews $4,375.00. Costs of this appeal are assessed against Fannie Clyde Barham.
AFFIRMED.
BROWN, Chief Judge, concurs in part and dissents in part with written reasons.
BROWN, Chief Judge, concurs in part and dissents in part with written reasons.
I agree with the trial court's and this court's factual findings. However, I would not award any sum to the contractor. The future flooring issues facing Barham are to remove the painted floor (which according to the tenant is now peeling off in strips), seal, and apply a permanent stain. It will cost Barham the full price not half. The contract was breached when the contractor unilaterally decided to paint the floor or, in reality, repaint the floor. Barham contracted for a permanently stained floor to specifically avoid the need to continually repaint.