PEATROSS, J.
11 Plaintiff; Nancy Ann Chisholm Mayard, now Benson (“Ms.Benson”), filed suit to recover amounts due from her ex-husband Jerome Jude Mayard’s military retirement in accordance with a Community Property Settlement Agreement (“CPSA”). Mr. Mayard filed an answer and reconventional *467 demand asserting that the CPSA should be corrected to change the percentage of retirement proceeds to which Ms. Benson was entitled under a provision of the CPSA allowing corrections of property insufficiently or incorrectly described in the CPSA. Ms. Benson filed an exception of prescription and no right of action in response to the reconventional demand. The trial court sustained the exception of prescription, dismissing Mr. Mayard’s recon-ventional demand to modify the percentage of retirement set forth in the CPSA. A second judgment was subsequently rendered awarding Ms. Benson $3,563.77, together with legal interest and costs, and deferring her request for attorney fees “pending the outcome of any appeal.” Mr. Mayard appeals both judgments. For the reasons stated herein, we reverse the trial court’s judgment sustaining the exception of prescription, vacate the money judgment in favor of Ms. Benson and remand the matter for further proceedings.

FACTS

The Mayards divorced in November 1998. Mr. Mayard was in the Air Force for all of his working career. In August 2002, the parties executed the CPSA which transferred 38 percent of Mr. Mayard’s retirement to Ms. Benson. The date of retirement provided by Mr. Mayard |2in answers to Requests for Admissions of Fact was to be September 2003. The CPSA contained the following pertinent provision:
The parties further declare that should any of the property partitioned to either of the parties by the act be insufficiently or incorrectly described herein, they will execute, without demanding any additional consideration, such amendatory acts as may be necessary or required to vest title in the appropriate party.
A qualified domestic relations order was executed at the same time as the CPSA directing the payment of the retirement proceeds to Ms. Benson upon Mr. Ma-yard’s retirement. Mr. Mayard retired in September 2005, but payments were not made to Ms. Benson until May 2006. Ms. Benson filed suit on June 19, 2006, for specific performance seeking the difference in the amount paid to Mr. Mayard subsequent to his retirement until she began receiving payments in May 2006. As previously stated, Mr. Mayard filed an “Answer and Reconventional Demand” in response asserting that the percentage should be 36 rather than 38 percent of his retirement because he retired two years later than the date of retirement used to calculate the percentage of retirement proceeds to which Ms. Benson was entitled under Sims v. Sims, 358 So.2d 919 (La. 1978). He cited the above-quoted provision, arguing that he was attempting to enforce the amendatory provision and was entitled to have the percentage corrected. The relevant paragraphs of the Answer and Reconventional Demand allege, in pertinent part, as follows:
2.
The 38% interest in his military retirement that was calculated as payable to Nancy Ann Chisholm Mayard under the Sims v. Sims, 358 So.2d 919 (La.1978), formula should have | obeen calculated as 36%. The Qualified Domestic Relations Order and the Community Property Settlement Agreement were both prepared and signed at the same time. They were prepared by Nancy Ann Chisholm Mayard’s lawyer and so that (sic) are construed against her. Even without that rule of interpretation, the Community Property Settlement Agreement, which provides for the erroneous 38% and the execution of the Qualified Domestic Relations Order also provides:
*468 The parties further declare that should any of the property partitioned to either of the parties by the act be insufficiently or incorrectly described herein, they will execute, without demanding any additional consideration, such amendatory acts as may be necessary or required to vest title in the appropriate party.
Community Property Settlement Agreement, filed August 29, 2002.
[[Image here]]
4.
Jerome Jude Mayard is entitled to have the Qualified Domestics Relations Order and the Community Property Settlement Agreement both corrected such that the 38% interest in his military retirement that was calculated as payable to Nancy Ann Chisholm Mayard under the [Sims ] formula shall be set forth as 36% ....
Ms. Benson filed an exception of prescription and no right of action, arguing that the above “claim” contained in the reconventional demand had prescribed because more than five years had elapsed since the execution of the CPSA. La. C.C. art. 3497 provides a five-year prescriptive period for rescission of a partition and warranty of portions. The trial court agreed, finding that the percentage of retirement to be allocated to Ms. Benson was not “insufficiently or incorrectly described property,” but, rather, was a compromise to which the parties agreed regarding the distribution of community property. Thus, the trial court held that the five-year period 14applied and sustained the exception of prescription. The exception of no right of action was denied. A judgment in accordance with rulings on those exceptions was rendered on April 3, 2008.
As previously stated, a subsequent judgment was rendered September 8, 2008, awarding Ms. Benson the sum of $3,563.77, together with legal interest and costs, and deferring her request for attorney fees “pending the outcome of any appeal.” Mr. Mayard filed a motion for devolutive appeal on December 5, 2008, seeking to appeal both judgments.

DISCUSSION

April judgment: Exception of Prescription

At the outset, we note that the “claim” asserted by reconventional demand in this case is more properly characterized as an affirmative defense rather than a separate “claim” or “cause of action” as is ordinarily pursued via a claim in reconvention. A defendant may assert in a recon-ventional demand “any causes of action which he may have against the plaintiff in the principal action.... ” La. C.C.P. art. 1061(A) (emphasis added.) Mr. Mayard alleged that the provision in the CPSA providing for amendatory acts where there have been insufficient or incorrect descriptions of property in the CPSA allowed the percentage of his retirement proceeds to which Ms. Benson was entitled to be changed from 38 percent to 36 percent due to his working an additional two years. This assertion does not constitute a separate cause of action against Ms. Benson as contemplated by La. C.C. art. 1061. It merely seeks to reduce Ms. Benson’s recovery due to an alleged erroneous description in the CPSA.
| ,-,In contrast, La. C.C.P. art. 1005, affirmative defenses, provides:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estop-pel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, *469 and any other matter constituting an affirmative defense. If a patty has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
(Emphasis added.) Here, if Mr. Mayard’s assertion is accepted, it would operate to reduce his liability to Ms. Benson and, accordingly, reduce her recovery. We conclude that Mr. Mayard mistakenly designated this affirmative defense as an incidental demand in reconvention and that justice requires that we treat the assertion as an affirmative defense rather than a reconventional demand. La. C.C.P. art. 1005. It is axiomatic that an affirmative defense is impreseriptable and it was error for the trial court to sustain the exception.
Moreover, we do not agree with Ms. Benson’s characterization of Mr. Mayard’s defense as an action to rescind a portion of the CPSA. Rather, it is apparent that Mr. Mayard seeks to have the amendatory clause interpreted to allow the modification of the percentage of retirement proceeds due Ms. Benson. This defense creates an issue interrelated with Ms. Benson’s claim for specific performance of payment of the portion of the retirement proceeds to which she is entitled.
In its opinion, the trial court further found that the agreement in the CPSA to 38 percent based on a retirement in 2003 did not constitute “insufficient or incorrectly described property” as contemplated by the |fiamendatory clause of the CPSA. We express no opinion on this underlying finding of the trial courí, as we review the judgment on appeal and not the reasons for judgment. Andrews v. Barham, 42,962 (La.App.2d Cir.2/13/08), 975 So.2d 825.
In light of our findings herein, we pre-termit any discussion of additional issues raised by the parties on appeal and remand the matter for further proceedings consistent with this opinion.

CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription is reversed. Accordingly, the subsequent judgment in favor of Nancy Ann Chisolm Mayard is vacated. The matter is remanded for further proceedings consistent with this opinion.
JUDGMENTS REVERSED AND REMANDED.
CARAWAY, J., concurs with written reasons.