PEATROSS, J.
| plaintiff, James P. Wells, Jr., appeals from the judgment of the trial court granting Defendants’, Donald J. Zadeck and Zadeck Energy Group, Inc.’s (“Zadeck”), peremptory exception of prescription. For the reasons stated herein, we affirm.[1]

FACTS

Plaintiff, James P. Wells, Jr. (“Wells”), is the son of James Wells and Olean Speights Wells. On September 17, 1949, James and Olean Wells executed a deed in favor of Paul and Cleo Holmes conveying certain property (hereinafter referred to as “the Property”) in DeSoto Parish, Louisiana. The Wellses reserved unto themselves an undivided one-half interest in and to all of the oil, gas and other minerals on, in or under the Property. Shortly thereafter, James and Olean Wells divorced; and, pursuant to a community property settlement, Ms. Wells retained ownership of an undivided one-fourth mineral interest in the Property.
On June 5, 1954, Ms. Wells executed a mineral lease in favor of Z.T. Gallion, pursuant to which a well was drilled on the Property. The well resulted in a dry hole and the lease was released on June 26, 1958. A few years later, Zadeck and/or their predecessors-in-interest acquired oil, gas and mineral leases covering the Property, as well as other land. Specifically, Zadeck acquired a lease executed by the Holmeses in favor of Parnell, Inc., covering lessors’ “entire undivided one-half interest in and to” the Property. When Zadeck conducted a search of the public records in connection with the leasing of the Property, the one-fourth interest of |2Ms. Wells was not discovered by Zadeck and Ms. Wells was not provided notice of the mineral activity on the Property. The Property was then included in the Paluxy Sand Unit U, a unit in which the Shirey Well No. 1 achieved production in January 1965.[2]
Ms. Wells died in 2002.[3] On December 19, 2008, Wells was contacted by a land- *864 man concerning the mineral interest. Wells inquired into the matter and discovered the long history of production. On December 18, 2009, Wells filed suit against Donald J. Zadeck, Zadeck Energy Group, Inc., Oleum Operating Co., L.C., T.M. Hopkins Operating, Inc., and T.M. Hopkins, Inc., for their failure to tender unto him and his predecessors-in-interest (Ms. Wells) their rightful share of proceeds from the production. Zadeck responded by filing an exception of prescription, urging that Wells’ claims against it prescribed ten years from Zadeck’s cessation of involvement (September 8, 1994) with the Shirey Well No. 1. In response to Zadeck’s exception, Wells argued that, prior to December 18, 2008, he and his mother had no knowledge of any production; and, therefore, the doctrine of contra non valentem suspended the tolling of prescription. Following a hearing on the exception, on May 11, 2010, the trial court |sgranted Zadeck’s peremptory exception of prescription and dismissed with prejudice the claims of Wells against Zadeck. This appeal ensued.

DISCUSSION

A trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Marin v. Exxon Mobil Corp., 09-2368 (La.10/19/10), 48 So.3d 234; Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261.
The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502; Alexander v. Fulco, 39,293 (La.App.2d Cir.2/25/05), 895 So.2d 668, writ denied, 05-0781 (La.5/6/05), 901 So.2d 1107. When, however, the plaintiffs petition reveals on its face that the prescriptive period has expired, the burden shifts to the plaintiff to show why the claim has not prescribed. Campo, supra; Alexander, supra; Netherland v. Ethicon, Inc., 35,229 (La.App.2d Cir.4/5/02), 813 So.2d 1254, writ denied, 02-1213 (La.6/21/02), 819 So.2d 339.
Wells filed suit against Zadeck on December 18, 2009. Zadeck filed a peremptory exception of prescription that evidenced its cessation of ownership and operation of the Shirey Well No. 1 on September 3, 1994. Since neither party disputed the applicability of the ten-year liberative prescriptive period set forth in La. C.C. art. 3499, Wells’ claim against Zadeck had facially prescribed. The burden, therefore, shifted to Wells to demonstrate that the running of prescription had been suspended or interrupted.
.Although La. C.C. art. 3467 provides that “prescription runs against all persons unless exception is established by legislation,” Louisiana jurisprudence has long recognized the doctrine of contra non valentem as an additional means of suspending the running of prescription when the circumstances of a case fall within one of four categories. Marin, supra; Plaquemines Parish Com’n Council v. Delta Development Co., Inc., 502 So.2d 1034 (La. 1987); Edwards v. Alexander, 42,000 (La. App.2d Cir.6/6/07), 960 So.2d 336, writ denied, 07-1317 (La.9/28/07), 964 So.2d 371. The four factual situations in which the doctrine of contra non valentem may apply are as follows:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with *865 the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

Marin, supra; Netherlands supra.

It is the fourth category of contra non valentem, commonly referred to as the “discovery rule,” which is at issue in the case sub judice. The discovery rule is only applied in extreme circumstances and when the plaintiffs ignorance of his cause of action is not attributable to his own willfulness or neglect. Marin, supra; Davis v. Johnson, 45,200 (La.App.2d Cir.5/5/10), 36 So.3d 439. In Marin, supra, the supreme court recognized ]sthat “lower courts have interpreted the fourth category of contra non valentem too broadly” and that it is to apply only in “exceptional circumstances.” Further, the supreme court in Marin reiterated that “[t]his principle will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own wilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.” Marin, supra, citing Renfroe v. State ex rel DOTD, 01-1646 (La.2/26/02), 809 So.2d 947; Matthews v. Sun Exploration and Production Co., 521 So.2d 1192 (La.App. 2d Cir.1988). When prescription begins to run depends on the reasonableness of plaintiffs action or inaction. Marin, supra; Campo, supra; Landry v. Blaise, Inc., 02-0822 (La.App. 4th Cir.10/23/02), 829 So.2d 661. Stated another way, to determine when a plaintiff knew or should have reasonably known of his cause of action, the plaintiff will be deemed to know what he could have learned through reasonable diligence. Renfroe, supra.
In the case sub judice, the primary issue is whether the trial court correctly concluded that Wells’ claims had prescribed and that contra non valentem did not operate to suspend the tolling of prescription. The trial court’s written reasons for judgment indicate that it granted Zadeck’s peremptory exception of prescription on two bases: 1) as a result of Wells’ mother’s failure to monitor her mineral interests, which in effect is a finding that the Wells family (including Plaintiff) failed to exercise reasonable diligence regarding the mineral activity on the Property, and 2) Wells’ failure to prove that some reason external to his own will led to his or his | (¡mother's ignorance of the fact that they had a cause of action they could pursue. Mindful that we review the judgment of the trial court and not the reasons for judgment, we perceive no manifest error in the ultimate conclusion that Wells failed to demonstrate that the doctrine of contra non valentem should apply in the present case and, therefore, that Wells’ claims against Zadeck are prescribed. See Mayard v. Mayara, 44,465 (La.App.2d Cir.7/1/09), 16 So.3d 466.
As previously explained, in order to avail himself of the fourth category of contra non valentem, Wells must show that his ignorance of his cause of action cannot be attributable to his own willfulness or neglect. Renfroe, supra. He is deemed to know what he could have learned by reasonable diligence. Id. It is this principle on which Zadeck relies in arguing that Ms. Wells and her son failed to monitor the mineral interest. Zadeck suggests that a call to the surface owners or inquiries to neighbors could have put the Wellses on notice that there was drilling in the area. Zadeck further points out that Ms. Wells participated in leasing her mineral interest *866 back in the 1950s and was well aware of the process of exploration, leasing and production of minerals. Wells testified at the hearing on the exception of prescription that the first he ever learned of the mineral interest owned by his mother was December 19, 2008, when he was contacted by a landman. According to Wells, he and his mother never discussed the mineral interest and he was unaware of her ever receiving any royalty payments for the production therefrom. When presented with the oil and gas lease executed by his mother in 1954, and released in 1958, Wells l7testified that he did not recall his mother executing the lease. Significantly, however, Wells acknowledged that his mother executed the mineral lease of 1954 and later released that lease, which indicates Ms. Wells’ knowledge of her ownership rights and her familiarity with the leasing and drilling processes. Despite this knowledge, Wells was unable to produce any evidence that his mother had kept abreast of leasing and drilling activity regarding her mineral interests over the next 43 years.
Wells argues on appeal that neither he nor his mother knew or should have known that the mineral interests were being produced since Zadeck failed to provide the statutorily required notice of forced pooling and failed to tender royalty payments unto him or his mother. In support of his argument, plaintiff cites Amoco Production Company v. Texaco, Inc., 02-240 (La. App. 3d Cir.1/29/03), 838 So.2d 821, writs denied, 03-1102 and 1104 (La.6/6/03), 845 So.2d 1096. While we recognize some factual similarities between the instant case and Amoco, the present case boils down to one of proof, or the lack thereof. The present record is devoid of evidence of any efforts on the part of Ms. Wells to keep abreast of the mineral activity on the Property. We decline to create a bright-line rule regarding what actions might be considered reasonably diligent in protecting such interests; however, some reasonable inquiry or action is required. In the present case, as stated, Wells was unable to demonstrate that his mother exercised any diligence to protect her mineral interests. Again, Ms. Wells was familiar with exploration, leasing and drilling activity and yet she remained silent and inactive with regard to her interest for more | sthan 40 years. Simply stated, Ms. Wells’ ignorance of a potential claim was attributable to her own neglect, and such is attributable to Wells. Considering the particular facts of this case, we do not find manifest error in the trial court’s granting of Za-deck’s peremptory exception of prescription.
Finally, we note that, in his first assignment of error, Wells argues that the trial court improperly required that he prove culpability on the part of Zadeck. Wells urges that the added requirement of having to prove culpability amounted to a misapplication of legal principles because he was seeking relief under the fourth category of contra non valentem, which specifically excludes the requirement that the defendant induced the ignorance of the plaintiff. Wells asserts, therefore, that the findings of the trial court should be subject to de novo review. We disagree. While the trial court did mention Wells’ inability to prove culpability on the part of Zadeck, we find that this reference did not constitute a requisite that Wells prove culpability in order to prevail; rather, it was merely a component of the trial court’s analysis in considering whether prescription may have been tolled.

CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining Defendants’, Donald J. Zadeck and Zadeck Energy Group, Inc.’s, peremptory exception of pre *867 scription is affirmed. Costs of this appeal are assessed to Plaintiff, James P. Wells, Jr.
AFFIRMED.
BROWN, Chief Judge, dissents with written reasons.

. Additional defendants who continued mineral production after Zadeck ceased its operation and ownership remain in the lawsuit and are not involved in this appeal.

. Shirey Well No. 1 is not located on the Property. Per appellant’s brief, the SONRIS website reflects that production from the Shi-rey Well continued until September 2006, and it is still listed as "active-producing.”

. Wells states in his original brief that he is the owner of the mineral interests at issue. Zadeck’s original brief states, however, that Wells is not the owner of the mineral interests at issue since there has been no succession filed following Ms. Wells’ death. Additionally, Zadeck points out that Wells has a sister and she has not joined the lawsuit. In between the filing of Wells’ original brief and his reply brief, two affidavits of death and heirship were filed in the Conveyance Records of DeSoto Parish, Louisiana, stating that Ms. Wells died intestate on May 21, 2002, and *864 that she had two children, one of which is plaintiff, James P. Wells, Jr.