J^CLARENCE E. McMANUS, Judge.
The trial court granted summary judgment in favor of State Farm Fire and Casualty Insurance. For the reasons which follow, we affirm the trial court’s judgment.

STATEMENT OF THE CASE

On the morning of August 11, 1999, Garrett Farrell, Duston Frickey, and Richard Mills were all occupants in a Ford Taurus vehicle, which belonged to Charles and Nadine Muse, the parents of Christine Muse. They were all minors at the time and had allegedly been drinking and ingesting drugs since the previous evening while with Christine Muse at her parents’ home. At approximately 7:00 a.m. that morning, the Ford Taurus collided head-on with a vehicle being driven by Rodney Dufrene. Dufrene was severely injured and later died as a result of the injuries he suffered.
Louisiana State Trooper Randy Harness investigated the accident and spoke to Frickey and Mills in the hospital after the accident. Frickey and Mills stated that Farrell was the driver of the vehicle at the time of the accident. Farrell was later convicted of negligent homicide for the death of Dufrene.
I/The plaintiffs, Jacqueline Dufrene and her children, filed a lawsuit to recover damages for her husband’s death. The plaintiffs named as defendants the occupants of the Ford Taurus, as well as their parents, the automobile insurers of all occupants of the Ford Taurus, the homeowners’ insurers of all occupants of the Ford Taurus, Dufrene’s automobile insurer, the Louisiana Department of Transportation and Development, Hill City Oil Co. and the liability insurer for Hill City Oil Co. Hill City Oil Co. allegedly sold alcohol to the minors involved in the accident.
The trial court granted a motion for summary judgment in favor of Hill City Oil Co. and dismissed all claims against it. State Farm was the auto insurer for the Farrells, the Frickeys and the Muses. State Farm settled with the plaintiffs’ on *802 behalf of the Farrells, the Frickeys and the Muses, as their auto insurer.
This appeal addresses only the claims by the plaintiffs against Dustin Frickey and his mother, Ruby Frickey, and State Farm Fire & Casualty Company, their homeowner’s insurer. State Farm, as the homeowner’s insurer of Dustin and Ruby Frickey, filed a Motion for Summary Judgment arguing no liability for Frickey or his mother in the cause of the accident. Frickey alleges that he was not driving and was only a guest passenger in the vehicle. The Frickeys and State Farm argue that Frickey is not liable because he had no duty as a guest passenger. Further, they argue that even if it is found that he was driving, the Frickeys had previously signed a release in connection with a settlement which absolved them from further liability with respect to the operation of that particular vehicle.
In opposition to that motion for summary judgment, plaintiffs allege a “conspiracy theory” that Frickey and the other minors, who were occupants of the Ford Taurus, agreed to commit the illegal act of possession of alcohol under the age of twenty-one. Plaintiffs argue that it was this consumption of alcohol that was a cause-in-fact in the accident. Therefore, all of the occupants of the vehicle are [¡Jiable for the injuries caused by the accident. Plaintiffs also allege that Frickey was negligent as a guest passenger because it was a “joint venture” in the operation of the vehicle for the purpose of taking Frickey to his home and both had equal right to control the operation of the vehicle. Therefore, the plaintiffs allege that Frickey was liable as a guest passenger. In addition, the plaintiffs alleged that Frickey was at fault for providing alcohol to Farrell, the alleged driver. And finally, the plaintiffs alleged that Ruby Frickey was independently negligent for failure to supervise her minor son.
The trial court heard arguments and then granted the motion for summary judgment in favor of State Farm and the Frickeys, dismissing all claims against them. By written reasons, the trial court found that there was no conspiracy or agreement to commit a tortuous act and no evidence of an agreement to be involved in a car accident and to hurt a third party. The trial court also found that there was no evidence that creates genuine issues of fact as to whether Frickey had equal right of control in the operation of the car. Further, the trial court held that Frickey was not at fault, therefore, his mother could not be held liable for negligent supervision of her child.
Thereafter, the plaintiffs filed an Application for Supervisory Writs with this Court. Defendants filed a Motion to Dismiss the Writ as untimely. This Court denied the Motion to Dismiss and granted the writ for the limited purpose of remanding the writ application to the trial court with instructions to treat the writ application as a petition for appeal.
Plaintiffs then filed a Motion to Enforce Order and Motion for Appeal, which was granted by the trial court. For the reasons which follow, we affirm the trial court’s granting of summary judgment in favor of State Farm and the Frickeys.
I (.DISCUSSION
On appeal, plaintiffs argue four assignments of error: (1) the trial court erred in finding insufficient evidence of a conspiracy, (2) the trial court erred in finding insufficient evidence of the fault of Dustin Frickey as a guest passenger, (3) the trial court erred in finding insufficient evidence of the fault of Dustin Frickey for providing alcohol to Farrell, and (4) the trial court erred in finding insufficient evidence of *803 Ruby Frickey’s independent negligence for failure to supervise her minor son.
First, plaintiffs argue that there is evidence of a conspiracy or agreement between all of the minors to illegally possess and consume alcohol and that this possession and consumption of alcohol was a cause-in-fact in the accident. The plaintiffs cite to deposition testimony from Farrell and Frickey to prove this agreement. According to Farrell, he drank a couple of beers at the Muse house and saw Mills and Frickey drinking. He also stated he saw Frickey passing around vodka. According to Frickey’s deposition, he went to the store with Christina Muse, who was over the age of 21, to get more beer. Muse actually purchased the beer. Frickey stated he then observed Farrell drinking alcohol for another hour.
The plaintiffs are alleging a civil conspiracy under La. C.C. art. 2324, which states, in part: “A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.” To recover under the theory of civil conspiracy, the plaintiff must establish that there was agreement as-to the intended outcome or result. Butz v. Lynch, 1997-2166 (La.App. 1 Cir. 4/8/98), 710 So.2d 1171, writ denied, 721 So.2d 473, 98-1247 (La.6/19/98).
|7We agree with the trial court and find that there is no evidence that the minors conspired to commit a tortuous act. Further, there is no evidence that the minors conspired to have an automobile accident and to injure Dufrene. We find that the plaintiffs have not established that there was an agreement as to the intended outcome or result and, therefore, there was no civil conspiracy under La. C.C. art. 2324.
Next, the plaintiffs argue that Frickey is negligent as a guest passenger because he, Farrell and Mills had a joint interest. 'Plaintiffs allege that they were on a joint interest to take Frickey home in the Muse’s vehicle. Further, plaintiffs allege that Farrell and Frickey had equal right to control the operation of the vehicle. Frickey drove the Muse vehicle the night before the accident and Farrell had driven it several times before the accident. Plaintiffs also point to the fact that the boys stopped to get gas and Frickey pumped the gas while Farrell paid for it. Plaintiffs argue this further proves the joint venture between Frickey and Farrell in furtherance of driving Frickey home.
We again agree with the trial court and find that there is no joint interest between Farrell and Frickey, nor did Frickey have equal right to control the operation of the vehicle. He was a guest passenger and was actually asleep in the backseat at the time of the accident. The evidence presented shows that Farrell was the driver of the vehicle that night and Frickey did not have any control oyer the operation of the vehicle.
Third, the plaintiffs argue that the trial court erred in finding insufficient evidence of the fault of Frickey for providing alcohol to Farrell. Plaintiffs contend that Frickey possessed vodka the evening before the accident and that he passed it around to the others. They also contend that Frickey drove to the store for the purpose of obtaining more alcohol and then consumed it and prescription Ismedications. Plaintiffs argue that this negligent behavior was a cause of the accident.
We find that there is insufficient evidence to - prove that Frickey negligently provided alcohol to Farrell. In his deposition, Farrell denied drinking any vodka. Farrell was drinking beer and Frickey was *804 not the one who purchased the beer at the convenience store. Christina Muse purchased the beer. Frickey merely drove her to the store. Therefore, we do not find any evidence to support the plaintiffs’ contention that Frickey was negligent in providing alcohol to Farrell.
And finally,- the plaintiffs allege that Ruby Frickey, Dustin Frickey’s mother, was independently negligent for the failure to supervise her minor son. The evening before the accident, Farrell, Frickey and Mills were at the Frickey residence, unsupervised. Farrell left after an altercation with another individual. At approximately 11:00 p.m., Ms. Frickey returned home and found Frickey and Mills there. She then took her son to the Muse residence and told him to return in one hour. She went home and fell asleep. She did not learn of the accident until she awoke the next morning.
In her deposition, Ms. Frickey testified that she knew of drinking by minors at the Muse residence. She also testified that prior to the evening in question, she spoke to Mr. Muse about the drinking and was assured that the kids were not drinking at his house and if they were he wouldn’t let them leave. Plaintiffs argue that Ms. Frickey was negligent in failing to properly supervise her son by allowing him to do drugs and drink alcohol and failing to pick him up from the Muse home that night. They allege that this negligence is covered by her homeowner’s insurance, and, therefore, the motion for summary judgment by State Farm and the Frickeys should have been denied.
We find that Ms. Frickey was not negligent for failing to supervise her son. Ms. Frickey testified in her deposition that she did not know that Frickey was | flgoing to be drinking at the Muse residence that night. She had already spoken to Mr. Muse and was assured that the kids were not drinking or doing drugs at his house. In addition, we find that Frickey was not at fault in the accident, and therefore, his mother will not be held liable for alleged failure to supervise.
In accordance with the above, we find there are no genuine issues of material fact and the defendants, Dustin and Ruby Frickey and State Farm, are entitled to judgment as a matter of law. Therefore, we find the trial court did not err in granting summary judgment in favor of Dustin Frickey, Ruby Frickey and State Farm Fire & Casualty Insurance Company. The judgment of the trial court is affirmed.

AFFIRMED.