985 So.2d 837 (2008)
B-G & G INVESTORS VI, L.L.C. and Howard Gyler
v.
THIBAUT HG CORPORATION, David T. Thibaut, Jr., both Individually and as President of Thibaut HG Corporation, and Louise T. Rusch, Both Individually And As Secretary/Treasurer of Thibaut HG Corporation.
No. 2008-CA-0093.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 2008.
*839 Michael R. Allweiss, Lowe Stein Hoffman Allweiss & Hauver, L.L.P., New Orleans, LA, for Plaintiffs/Appellants.
Patricia S. LeBlanc, Michael L. Fantaci, Gloria T. Lastra, LeBlanc Butler, L.L.C., Metairie, LA, Nolan P. Lambert, Michael G. Gaffney, Lambert & Lambert, New Orleans, LA, for Defendants/Appellees.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge, PATRICIA RIVET MURRAY, Judge, MAX N. TOBIAS, JR.).
PATRICIA RIVET MURRAY, Judge.
Plaintiffs, B-G & G Investors VI, L.L.C. ["B-G & G"] and Howard Gyler, appeal the trial court's judgment granting an exception of no right of action as to all claims asserted by B-G & G, and an exception of no cause of action as to both plaintiffs' claims against two individual defendants, David Thibaut, Jr. and Louise Rusch. For the reasons that follow, we amend and affirm.

FACTS AND PROCEEDINGS BELOW
On March 19, 2007, Mr. Gyler and B-G & G filed a suit against Thibaut HG Corporation ["Thibaut HG"]; its president, David Thibaut, Jr.; and its secretary-treasurer, Louise Rusch, alleging that defendants had intentionally and/or negligently withheld information concerning an encroachment on property that was the subject of a July 17, 2006 Agreement to Purchase and Sell entered into by Thibaut HG as seller and Mr. Gyler as purchaser.[1] *840 The property was an apartment complex known as the Higgins Gate Apartments. After the agreement was signed, a title survey requested by the purchaser revealed the existence of a fourteen-foot encroachment on the driveway that could limit the number of parking spaces available. In an effort to resolve this issue, the parties amended the purchase agreement twice to extend the deadlines for title and survey objections and closing. However, the sale never took place.
In response to the petition, defendants asserted an exception of no right of action as to the claims of B-G & G, which was not a signatory to the purchase agreement; and an exception of no cause of action as to the claims against Mr. Thibaut and Ms. Rusch, the corporate officers of Thibaut HG. Both exceptions were based upon the premise that neither B-G & G, nor Mr. Thibaut, nor Ms. Rusch was a party to the purchase agreement, which was between Mr. Gyler and Thibaut HG (signed by Mr. Thibaut in his capacity as president of that corporation). In addition, defendants asserted an exception of vagueness as to the allegations of the petition. The exceptions were heard on June 15, 2007. On July 19, 2007, the trial court rendered a written judgment denying the exception of vagueness and granting the exceptions of no right of action and no cause of action.[2] This appeal followed.[3]

STANDARD OF REVIEW
The appellate court reviews the granting of exceptions of no right of action and no cause of action de novo because these exceptions involve questions of law. See Mississippi Land Co. v. S & A Properties II, Inc., 01-1623, pp. 2-3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1203; Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349.

DISCUSSION

Exception of No Right of Action
The essential function of the peremptory exception of no right of action is to test whether the plaintiff has a real and actual interest in the suit. La. C.C.P. art. 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Wirthman-Tag Construction Co., L.L.C. v. Hotard, 00-2298, 00-2299, pp. 2-3 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 859 (emphasis omitted) (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015, pp. 5-6 (La.11/30/94), 646 So.2d 885, 888). On an exception of no right of action, evidence may be admitted to support or rebut the exception. Eubanks v. Hoffman, 96-0629, pp. 5-6 (La.App. 4 Cir. 12/11/96), 685 So.2d 597.
Because the cause of action alleged in the instant case is intentional and/or negligent misrepresentation of the facts in connection with the purchase agreement, *841 defendants assert that B-G & G has no right of action because it is neither a party to the agreement nor an assignee of Mr. Gyler's rights under the agreement. The purchase agreement itself is attached to the plaintiffs' petition. The defendants also submitted the amendments to the purchase agreement as evidence in support of their exception. Like the purchase agreement, each amendment is signed by only one purchaser, Howard Gyler. There is no mention of B-G & G in any of these documents.
Plaintiffs argue that despite this fact, all parties to the agreement were aware the Mr. Gyler intended to form a limited liability company, which would then purchase the property. The text of the purchase agreement states that the agreement is being entered into between Thibaut HG and Howard Gyler, "who will assign this contract to a Limited Liability Company to be formed, of which he will be a member." However, although B-G & G was formed approximately four months after the signing of the agreement, Mr. Gyler never assigned his rights under the contract to B-G & G as contemplated. Under the circumstances, we agree with the trial court that Mr. Gyler, not B-G & G, has the sole legal right to assert claims relating to the violation of the seller's obligations to the buyer under the purchase agreement. Accordingly, we affirm the trial court's granting of the exception of no right of action dismissing the claims of B-G & G.

Exception of No Cause of Action
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The exception is triable solely on the face of the petition and attached documents; no evidence may be introduced to support or controvert the exception. Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4th Cir.1992). For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp. v. Johnson, supra, 01-0175 at p. 3, 795 So.2d at 304.
In the instant case, defendants David Thibaut, Jr. and Louise Rusch argue that the exception was properly granted because the petition does not allege any facts that would make them personally liable for the obligations of Thibaut HG. As the purchase agreement was signed only by Thibaut HG (by Mr. Thibaut in his capacity as president of the corporation), neither Mr. Thibaut nor Ms. Rusch was a party to the agreement. The petition alleges that the defendants "entered into a contract" to convey to petitioners the Higgins Gate Apartments, then breached the contract and/or were negligent by "intentionally [failing] to reveal the existence" of the fourteen-foot encroachment, failing to clear the encroachment, and failing to maintain the apartment complex in the interim as they had repeatedly promised to do.
Regarding the tort claim, we note that Louisiana law does not generally recognize a cause of action by third parties against officers or directors of a corporation for tortious conduct (negligence, mismanagement, breach of fiduciary duty, etc.) attributable to the corporation, or for the debts of the corporation. See La. R.S. 12:93(B); Manning v. United Medical Corp. of New Orleans, 04-0035, p. 7 (La. App. 4 Cir. 4/20/05), 902 So.2d 406, 411. In Manning, this court held that personal liability cannot be imposed upon a corporate officer simply because of the officer's general administrative responsibility for the performance of some corporate function; instead, the officer must have a personal duty towards the plaintiff. Id. In *842 the instant case, the petition does not allege any such personal duty on the part of Mr. Thibaut or Ms. Rusch. In fact, all the allegations of the petition are asserted against all three defendants collectively, lumping the two individual defendants in with the corporation. Therefore, on the face of the petition, it does not state a cause of action in tort against Mr. Thibaut or Ms. Rusch.
With regard to breach of contract, it is obvious that an individual cannot be liable for breach of a contract to which he is not a party. The purchase agreement identifies the seller as the corporation, Thibaut HG. Nevertheless, plaintiffs argue that their petition states a cause of action in tort and/or contract because it alleges fraud, which is an exception to the general rule that officers or directors of a corporation cannot be held personally liable for the debts or contractual obligations of the corporation. See generally, City Stores Co. v. NEI Corp., 357 So.2d 1364 (La.App. 4th Cir.1978); Watson v. Big T Timber Co., Inc., 382 So.2d 258 (La.App. 3d Cir.1980).
Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another and to obtain some unjust advantage or to cause loss or inconvenience to the other. Alltex Ready-Mixed Concrete Corp. v. Employers Commercial Union Ins. Co., 308 So.2d 889, 892 (La. App. 1st Cir.1975). La. C.C.P. art. 856 provides that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity."
The petition in the instant case does not contain the word "fraud." The closest plaintiffs get to alleging fraud is their contention in Paragraph 4: "Defendants intentionally failed to reveal the existence of an existing encroachment at the time the original contract was negotiated to induce Petitioners to purchase the complex." While we acknowledge that intentional misrepresentation of facts may constitute fraud under certain circumstances, those circumstances have to be pled with particularity. See Alomang v. Freeport-McMoran, Inc., 00-2099, pp. 5-6 (La.App. 4 Cir. 2/20/02), 811 So.2d 98, 101-102. Because the instant petition fails to meet this requirement, we agree with the trial court that the plaintiffs have failed to state a cause of action against the individual defendants, Mr. Thibaut and Ms. Rusch.
Nevertheless, we find that the trial court erred by dismissing the plaintiffs' claims against Mr. Thibaut and Ms. Rusch without affording the plaintiffs an opportunity to amend their petition to state a cause of action for fraud if they are able to do so with sufficient particularity. La. C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
Although amendment of the petition alone could not possibly confer a right of action upon B-G & G, we conclude that the remaining plaintiff, Mr. Gyler, should have been given an opportunity to amend the petition to state a cause of action against the non-corporate defendants.

CONCLUSION
Accordingly, we affirm the trial court's granting of the exceptions and the dismissal *843 of the claims made by B-G & G; we amend the judgment in part to vacate the trial court's dismissal of the remaining plaintiff's claims against Mr. Thibaut and Ms. Rusch, and remand the matter with instructions to the trial court to allow Mr. Gyler a reasonable time to amend his petition.
AMENDED, AFFIRMED AS AMENDED, AND REMANDED.
NOTES
[1] Plaintiffs also filed a First Supplemental and Amending Petition adding Michael Gaffney, attorney for Thibaut HG, as a defendant, and then later dismissed their claims against Mr. Gaffney as moot.
[2] The record does not contain any oral or written reasons for judgment, which apparently were not rendered.
[3] Defendants initially filed a writ application challenging the judgment in this court. Having determined that the judgment granting the exceptions was a final, appealable judgment, this court, in writ no. 2007-C-1036, granted the application in part for the sole purpose of remanding the matter to the trial court to consider the notice of intent to seek supervisory writs as a timely filed notice of appeal.