BROWN, Chief Judge.
 

 11Plaintiffs, Sanders Family, LLC No. 1 (“the LLC”), and Larry L. (“Tay”) Taylor, III, as agent for Linda Sue Sanders,
 
 [1]
 
 individually and derivatively, appeal a judgment in favor of defendants, Colton Sanders, Deborah Sanders, and Claiborne Timber, LLC, granting their exception of peremption, or, alternatively, prescription, and dismissing the case with prejudice. For the reasons stated herein, we reverse and remand.
 

 Facts and Procedural Background
 

 Plaintiffs brought this action on November 19, 2007, seeking the rescission of four property sales by the LLC to defendants. The four sales occurred on July 30, 2001, September 5, 2003, June 22, 2005, and November 30, 2005.
 
 [2]
 
 The first sale’s vend-ee was Claiborne Timber, LLC, whose managing partners are Colton and Deborah Sanders. The second sale’s vendees were Colton and Deborah Sanders collec
 
 *435
 
 tively. And the third and fourth sales’ vendee was Deborah Sanders separately.
 

 All of the properties at issue in this action were the community property of Zack Sanders and Ethel Sanders until Zack Sanders’ death in 1995. Pursuant to the judgment of possession, Ethel Sanders, as surviving spouse, was entitled to ownership and possession of her undivided half interest in the community property, and their three children, Colton Sanders, Galen Sanders, and Linda Sue Sanders, were each recognized as owners of an undivided one-third interest in Zack Sanders’ half interest in the community property, subject to the usufruct in favor of Ethel Sanders. After |2the judgment of possession, however, all of the assets subject thereto were placed in three limited liability companies wholly owned by the members of the family. Ethel Sanders transferred all but 1% of her interest in the LLCs equally to her three children. Ethel Sanders was listed as the managing member of all three LLCs.
 

 On January 4, 2008, defendants filed a peremptory exception of peremption, or, alternatively, prescription. A hearing was held on the exception on February 28, 2008, with Judge Dewey Burchett presiding. At that time Judge Burchett stated that he would like more discovery completed before a final ruling on the exception would be rendered. Subsequent to his ruling, and while discovery was being conducted, Judge Burchett voluntarily re-cused himself, and the case was reassigned to Judge Jeff Cox. After the suit was reassigned to Judge Cox, defendants filed a motion reurging the peremptory exception of peremption, or, alternatively, prescription. This motion also sought to enforce a previous discovery order to allow for the further deposing of the 83-year-old Ethel Sanders.
 

 A hearing was held on the exception on September 29,. 2008. Thereafter, on November 10, 2008, the trial court issued its opinion finding that the one-year peremp-tive period for lesion beyond moiety was applicable to the claims set forth in the petition and further that plaintiffs had failed to allege fraud with particularity. On November 12, 2008, as a result of the trial court’s last finding, plaintiffs filed a motion to amend their petition. The trial court denied plaintiffs’ motion on November 17, 2008, |aand the final judgment dismissing the case with prejudice was signed on November 18, 2008.
 

 Discussion
 

 In the case
 
 sub judice,
 
 plaintiffs contend that their original petition seeking rescission of the four property sales alleged, among other causes of action, fraud and breach of fiduciary duty. Thus, plaintiffs assert, the applicable prescriptive periods for fraud and breach of fiduciary duty should control. Defendants, however, argue that the petition only sought rescission based upon lesion beyond moiety, and as such, plaintiffs’ claims were perempted in accordance with La. C.C. art. 2595.
 
 [3]
 

 Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art.1953. Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. This exception, however, does not apply when a relation of confidence has reason
 
 *436
 
 ably induced a party to rely on the other’s assertions or representations. La. C.C. art. 1954. In pleading fraud, the circumstances constituting fraud must be alleged with particularity. La. C.C.P. art. 856.
 

 Plaintiffs’ petition contains neither the word “fraud” nor “lesion.” The petition does, however, mention a pattern of grossly inadequate prices paid by defendants for property owned by the LLC, the reliance and trust Ethel Sanders put in her son, Colton, as a result of his superior business | experience and acumen, and the surreptitious dealings of Colton through Claiborne Timber, LLC. The petition further alleges that all four sales were negotiated by and at the behest of Colton, that the terms of the sales were unfair to the LLC, and that Colton was the only member of the LLC who received monthly compensation for management services performed on behalf of the LLC. More specifically, the petition states, and the attached exhibits show, that a few months after Deborah Sanders purchased the property subject to the fourth sale for $100,000.00, she sold a small fraction of the purchased land for $119,803.32 to the Parish of Bossier for a long-planned road extension, and then shortly thereafter an even smaller portion of the property to Wood & Wood Properties, L.L.C., for $310,552.00.
 

 While we acknowledge that the aforementioned assertions may not reach the level of particularity that is required when pleading fraud, we nonetheless find that the trial court erred by dismissing plaintiffs’ claims against defendants without affording them an opportunity to amend their petition to more fully plead their fraud claims.
 
 See B-G & G Investors VI, L.L.C. v. Thibaut HG Corp.,
 
 08-0093 (La. App. 4th Cir.05/21/08), 985 So.2d 837. La. C.C.P. art. 934 states:
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
 

 In denying plaintiffs’ motion to amend their petition, the trial court denied it as moot. Moreover, during the hearing on plaintiffs’ motion for |snew trial, the trial court stated that it “takes it as its position that even though the judgment had not [been] signed that the judgment was final on the day of November the 10th or was a judgment as far as this court was concerned on November the 10th ....” While the trial court may have taken as its position that its written reasons, issued more than a week before the actual judgment was signed, constituted a final judgment, we cannot. In order for there to be a final judgment, the Louisiana Code of Civil Procedure requires that a judgment, set out separately from the written reasons, be signed. La. C.C.P. arts.1911, 1918. Thus, until a final judgment dismissing plaintiffs’ action was rendered, the trial court could have afforded plaintiffs the opportunity to amend their petition to cure the grounds for granting the peremptory objection. La. C.C.P. art. 934. Accordingly, we find that the trial court should have granted plaintiffs’ motion to amend.
 

 Our finding that plaintiffs’ motion to amend should have been granted is not dispositive as to the validity of plaintiffs’ fraud claims. Our finding merely recognizes that plaintiffs’ petition laid the foundation for a fraud cause of action, and that if it were amended to plead fraud with sufficient particularity, plaintiffs would be
 
 *437
 
 afforded a longer prescriptive period. We are not making a determination as to whether the rescission sought on the four property sales was timely. The facts and circumstances of each property sale should be considered as well as a pattern of continuing conduct. Overall, the additional allegations stated in the amended petition will determine which prescriptive/peremp-tive period(s) apply.
 

 |„We do note, however, that there are four members of the LLC-Ethel, Galen, Colton, and Linda-and only the second property sale involved a member of the LLC. Neither Claiborne Timber, LLC, nor Deborah Sanders were members of the Sanders Family LLC No. 1. As such, different prescriptive periods may apply to different sales and to different parties. Moreover, regarding plaintiffs’ causes of action for breach of fiduciary duties, since the trial court only broached the issue of whether a fiduciary relationship existed
 
 in arguendo,
 
 the issue should be revisited.
 

 In their last assignment of error, plaintiffs claim that the trial court erred in denying its motion for a protective order to prevent the further deposing of Ethel Sanders. Louisiana jurisprudence has long held that a trial court has broad discretion to regulate pretrial discovery, and absent a clear abuse of that discretion its decision will not be disturbed on appeal.
 
 Bishop v. Shaw,
 
 43,137 (La.App.2d Cir.03/12/08), 978 So.2d 568. Considering that Ethel Sanders executed all four sales and was privy to the allegedly fraudulent misrepresentations made by defendants, her full and complete deposition seems imperative to both the prosecution and defense of this action, as are the depositions and/or interrogatories of Colton and Deborah Sanders. Therefore, we find that the trial court did not abuse its discretion by denying plaintiffs’ motion for a protective order.
 

 Conclusion
 

 For the reasons stated above, we reverse the judgment of the trial court dismissing this action with prejudice and remand for further proceedings in accordance with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Tay Taylor is Linda Sue Sanders' son.
 

 [2]
 

 . The November 30, 2005, sale was the result of an option agreement executed on May 31, 2005.
 

 [3]
 

 . The action for lesion must be brought within a peremptive period of one year from the time of the sale. La. C.C. art. 2595.