JOY COSSICH LOBRANO, Judge.
| ¶Plaintiff, Ronald Anthony Bruzeau, appeals the trial court judgment[1] of September 2, 2010, insofar as it grants the exceptions of no cause of action and no right of action filed by defendant, Aaron Brous-sard, and dismisses Mr. Broussard from this lawsuit.
On May 10, 2010, plaintiffs, Judy[2] and Ronald Bruzeau, filed a Petition to Annul Sale of Immovable Property and For Damages. In their petition, plaintiffs sought to annul the sale of immovable property located at 2112 Danny Court in Metairie, Louisiana. Mr. and Mrs. Bruzeau alleged that Wells Fargo, N.A. filed a Petition to Enforce Security Instrument by Executo-ry Process against them. This petition was served on Mrs. Bruzeau, but attempts to serve Mr. Bruzeau were unsuccessful. Following the unsuccessful attempts to serve Mr. Bruzeau, the trial court appointed Aaron Broussard as curator ad hoc for Mr. Bruzeau.
|2Mr. Broussard was one of the defendants named by Mr. and Mrs. Bruzeau in their Petition to Annul Sale of Immovable Property and For Damages.[3] According to the allegations of the petition, Mr. Broussard failed to perform his duties as curator ad hoc diligently, and should have declined the appointment based on his lack of experience in handling litigation related to executory process. Plaintiffs claimed that these alleged failures by Broussard resulted in the sale of the Bruzeau’s home at a sheriffs sale.
Plaintiffs further alleged that the letter that Mr. Broussard claimed to have sent to Mr. Bruzeau failed to inform him of the pendency and nature of an executory process proceeding, how to defend against an executory process suit and the time available to file an injunction or appeal. According to the petition, Mr. Broussard also failed to attach to the letter the writ of seizure and sale commanding the sheriff to seize and sell the property. Plaintiffs also referenced Mr. Broussard’s Curator’s Return and Note of Evidence filed with the court, in which he stated that the requirements for executory process had been met on the face of the petition filed by Wells Fargo and in the record. Plaintiffs claimed that this statement by Mr. Brous-sard proves their allegation regarding his lack of experience with executory process *1013 lawsuits because the petition filed by Wells Fargo failed to allege with specificity compliance with notice requirements, or contain attachments to the petition evincing compliance with the notice requirements as required by Louisiana jurisprudence.
^Furthermore, the plaintiffs disputed that the letter addressed to Mr. Bruzeau, which was attached to the Curator’s Return and Note of Evidence, was ever mailed to Mr. Bruzeau. Specifically, plaintiffs noted that the letter is unsigned, there is no postmark stamped on the certified mail receipt and there is no record of the item within the U.S. Post Office Certified Mail services. Plaintiffs contended that if the letter had been sent to the last known address for Mr. Bruzeau, as alleged in the Curator’s Return and Note of Evidence, then Mrs. Bruzeau would have signed for it and Mr. Bruzeau would have been properly served. According to plaintiffs, Mr. Bruzeau’s due process rights were violated and the sale of the immovable property should be declared void. In the alternative, they alleged that if the sale of the property is not annulled, then they should be awarded damages.
In response to Mr. Bruzeau’s petition, Mr. Broussard filed exceptions of no cause of action and/or no right of action. In his memorandum filed in support of the exceptions, he stated that he complied with La. C.C.P. article 5094 by using reasonable diligence to communicate with the absent defendant, Mr. Bruzeau. He placed an advertisement in the Times-Pieayune newspaper, asking anyone knowing the whereabouts of Mr. Bruzeau to contact him, and received no response. Additionally, he sent a letter to Mr. Bruzeau’s last known address, where Mrs. Bruzeau had been personally served with the Wells Fargo lawsuit. Mr. Broussard stated that Mrs. Bruzeau refused to accept service on behalf of her husband when she was personally served with the lawsuit.
|4Mr. Broussard argued that, according to the provisions of La. C.C.P. article 5098, he cannot be held accountable for the seizure of Mr. and Mrs. Bruzeau’s house, and the sale of the property at a sheriffs sale. He contended that the reason the property was sold at a sheriffs sale was the failure of Mr. and Mrs. Bruzeau to make their mortgage payments, not because of any alleged inaction on his part.
Plaintiffs filed a memorandum in opposition to Mr. Broussard’s exceptions. In support of their argument that their petition stated a cause of action against Mr. Broussard, they argued that Mr. Brous-sard’s efforts in placing an advertisement in the Times-Pieayune and sending a letter to Mr. Bruzeau’s last known address do not meet the due diligence requirement imposed upon him by La. C.C.P. article 5094. Specifically, they noted that the letter was unsigned and that Mr. Broussard acknowledged in his Curator’s Return and Note of Evidence that the return receipt on the certified mailing was not returned. They also argued that the letter failed to apprise Mr. Bruzeau of the pendency of the litigation and of his rights as required by La. C.C.P. article 5094. As for the advertisement in the Times-Pieayune seeking information about Mr. Bruzeau’s whereabouts, plaintiffs argued that this type of notification is an ineffective way to alert someone that they are in jeopardy of losing substantial property rights.
In support of their argument that they have a right of action against Mr. Brous-sard, plaintiffs argued that the alleged failure of Mr. Broussard to act with due diligence in his role as curator ad hoc for Mr. Bruzeau was an act of negligence, which Mr. Bruzeau is entitled to assert against Mr. Broussard in an action for |fidamages. According to plaintiffs, this act of negli *1014 gence was the violation of Mr. Bruzeau’s due process rights based on Mr. Brous-sard’s lack of notice and/or insufficient notice to Mr. Bruzeau of the pendency of the litigation against him.
Following a hearing on the exceptions, the trial court maintained Mr. Broussard’s exceptions of no cause of action and no right of action, and dismissed the plaintiffs’ claims against him, with prejudice. This appeal followed. On appeal, Mr. Bruzeau argues that the trial court erred in maintaining Mr. Broussard’s exceptions of no cause of action and no right of action.
The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Wingfield, v. State, Department of Transportation and Development, 97-1567 (La.App. 1 Cir. 6/29/98), 716 So.2d 164, 166. An exception of no right of action assumes the petition states a valid cause of action, and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, p. 3 (La. App. 4 Cir. 5/21/08), 985 So.2d 837, 840. An appellate court reviews the granting of exceptions of no cause of action and no right of action de novo because these exceptions involve questions of law. Id., p. 2, 985 So.2d at 840.
|riThe exception of no cause of action is triable on the face of the petition and attached documents; no evidence may be introduced to support or controvert the exception. B-G & G Investors VI, L.L.C. v. Thibaut HG Corp., 08-0093, pp. 4-5 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 841, citing Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4 Cir.1992). The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial, but is to ascertain if a cause of action exists. Bogues v. Louisiana Energy Consultants, Inc., 46,-434, p. 3 (La.App. 2 Cir. 8/10/11), 71 So.3d 1128, 1130, (citing “We The People” Paralegal Services, L.L.C. v. Watley, 33,480 (La.App. 2d Cir. 8/25/00), 766 So.2d 744.) For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id., citing Cleco Corp. v. Johnson, 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304.
Mr. Bruzeau argues that the petition states a cause of action in negligence against Mr. Broussard under the curator-ship articles in the Louisiana Code of Civil Procedure, particularly La. C.C.P. article 5094. That article states:
When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.
According to the allegations of plaintiffs’ petition, the steps taken by Mr. Broussard in his role as curator ad hoc for Mr. Bruz-eau fell short of the reasonable diligence required under La. C.C.P. article 5094. Accepting as true the well]pleaded7 facts in plaintiffs’ petition, we find that the petition states a cause of action in negligence.[4]
*1015 We find no merit in Mr. Broussard’s argument that La. C.C.P. article 5098 mandates that he can only be held accountable for violations of the curatorship articles if such violations were willful[5]. La. C.C.P. article 5098 states:
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law.
We interpret the second paragraph of this article as providing additional penalties that can be imposed upon a curator who willfully violates the curatorship articles.[6] We do not interpret this article as precluding claims of negligence.
We also find that the trial court erred in maintaining Mr. Broussard’s exception of no right of action. The petition alleged that Mr. Broussard violated certain provisions of the curatorship articles. Mr. Bruzeau, as the person for whom Mr. Broussard acted as curator ad hoc, has a legal interest in the subject matter of the litigation, and therefore has a right of action.
^Accordingly, we reverse the trial court’s judgment granting Mr. Broussard’s exceptions of no cause of action and no right of action. We remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED

.The judgment appealed from was rendered in the 24th Judicial District Court for the Parish of Jefferson. This appeal was originally filed in the Louisiana Fifth Circuit Court of Appeal. Following the recusal of all of the judges of that Circuit, this appeal was transferred to this Court by order of the Louisiana Supreme Court dated January 6, 2012.

. Judy Bruzeau is not a party to this appeal.

. Wells Fargo, N.A. and Frank Salvaggio were also named as defendants in plaintiffs’ petition, but this appeal only involves the dismissal of Aaron Broussard from the lawsuit based on the granting of his exceptions of no cause of action and no right of action.

. See Wright v. Waguespack, 2002-0603 (La. App. 1 Cir. 12/20/02), 836 So.2d 436, in which a plaintiff pursued a cause of action against a curator for failure to use reasonable diligence.
*1015 The Wright case did not involve an exception of no cause of action. Instead, the curator was dismissed from the action through a motion for summary judgment after the First Circuit affirmed the trial court's finding that the curator’s actions met the standard of reasonable diligence.

. The word "willful”, (sometimes spelled "wilful”) is defined in Black’s Law Dictionary (9th Ed. 2009), as "voluntary and intentional, but not necessarily malicious.”

. Plaintiffs have not alleged any willful violations by Mr. Broussard.