IN THE MATTER OF THE SUCCESSION OF

GEORGE TOMMY DAISON, SR.

NO. 21-C-285

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

June 15, 2021

Susan Buchholz
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

**IN RE** KEITH C. SMITH AND MARLON A. TERRELL INDIVIDUALLY AND ON BEHALF OF UNDERWRITERS INSURANCE AND FINANCIAL INSTITUTION AGENCY, INC.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 812-040

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED FOR A LIMITED PURPOSE AND TRANSFERRED**

In this succession litigation, petitioner George Tommy Daison, Jr., as administrator of the Succession of George Tommy Daison, Sr., filed a "Petition for Authority to Continue Business of the Deceased," is seeking to continue the business of the Decedent pursuant to La. C.C.P. art. 3224 and 3225. In this writ application, relator, Underwriters Insurance and Financial Institution Agency, Inc." (hereinafter the Corporation), seeks review of the trial court's May 19, 2021 judgment granting the petition and further denying various motions and exceptions filed by the Corporation. For the following reasons, we find the judgment at issue is a final, appealable judgment. We therefore grant this writ for the limited purpose of transferring it to the district court, with instructions to the district court to treat relator's timely-filed notice of intent as a timely-filed motion for appeal.

The documents attached to the writ application reflect that the petition alleged that the Decedent, Mr. Daison, Sr., "was the majority owner and operator of Underwriters Insurance Agency, Inc. f/k/a Underwriters Insurance and Financial Institution Agency, Inc." It further alleged that the remaining principals/owners participated in "certain improper and possibly illegal mechanisms…to diminish the majority ownership" of the Decedent and sought to "continue the business of Decedent for the benefit of the succession, as provided by Article 3224 of the Louisiana Code of Civil Procedure." The petition additionally asserted that "because the actions of the Corporation demonstrate the substantial likelihood of imminent and irreparable harm to the primary asset of the Succession…an interim order should be issued *ex parte*, as provided by Article 3225 of the Louisiana Code of Civil Procedure."

On March 30, 2021, relator herein, the Corporation, filed various exceptions to the petition (the exception of no cause of action, lack of subject matter jurisdiction, improper venue, and prematurity) and, in the alternative, an Opposition to the Petition for Authority to Continue Business. Relatedly, petitioner filed a "Motion to Permit Live Testimony" at the hearing on the Corporation's exceptions, which the trial court granted. Subsequently, the Corporation filed a motion to reconsider that Order, asserting that an evidentiary hearing is improper as to its exceptions, or, in the alternative, a motion to continue the hearing.

Following a May 3, 2021 evidentiary hearing, the trial court issued a written, amended judgment.[1] The May 19, 2021 judgment denied the Corporation's exceptions and granted the petitioner's "Petition for Authority to Continue Business of the Deceased."[2] The judgment further determined that "the Succession of George Tommy Daison, Sr. is found to be and recognized as a sixty percent (60%) shareholder/owner of Underwriters Insurance Agency f/k/a Underwriters Insurance and Financial Institutions Agency, Inc." and granted petitioner authority to continue the business of the deceased as prayed for in the petition.

Upon our review of the writ application and attachments thereto, we find that the judgment at issue is a final, appealable judgment. The judgment at issue grants petitioner all of the relief prayed for in the Petition for Authority to Continue Business of the Deceased. Further, the Code of Civil Procedure sets forth the procedural mechanisms by which an individual can obtain court authority to continue the business of the deceased. La. C.C.P. art. 3225, titled, "Continuation of business; interim order unappealable," provides that the court may issue a temporary, interim *ex parte* order to the succession representative to continue the business but that such interim order will expire within 45 days, unless expressly extended by the district court.

La. Code Civ. Proc. Ann. art. 3224, titled "Continuation of business", sets forth the ultimate relief prayed for in the petition, and provides:

> When it appears to the best interest of the succession, and after compliance with Article 3229, the court may authorize a succession representative to continue any business of the deceased for the benefit of the succession; but if the deceased died testate and his succession is solvent, the order of court shall be subject to the provisions of the testament. This order may contain such conditions, restrictions, regulations, and requirements as the court may direct.

The 1960 revision comments to article 3225 state that the *ex parte* interim order, issued without a hearing, is akin to a temporary restraining order and, thus, no appeal may lie from such an order. However, the revision comments also reference that there may be an "[a]ppeal[] from the final order after hearing."

---

[1] Relator asserts that a May 17, 2021 judgment was issued that was subsequently amended for correction of phraseology or typographical errors. Because we are limited to our review of the documents attached to the writ application, we cannot review the May 17, 2021 judgment and do not opine on whether the amendment was permitted under La. C.C.P. art. 1951.

[2] The judgment further denied the Corporation's motion to reconsider and vacate the prior order permitting live testimony at the May 3, 2021 hearing. The documents attached also indicate that the trial judge stamped an order to continue the May 3, 2021 hearing. The May 3, 2021 hearing transcript is not attached to the writ application, and we are unable to determine if the Corporation orally objected at the beginning of the hearing based on its previously filed motion to continue and we do not opine on the effect of that signed Order.

Upon review of the writ application and attachments thereto, we find that the May 19, 2021 judgment at issue, rendered after a contradictory evidentiary hearing pursuant to La. C.C.P. art. 3224, is a final, appealable judgment.[3] This Court and other appellate courts have routinely declined to exercise supervisory jurisdiction over a final, appealable judgment, and have remanded such matters to the district court so that an appeal may be perfected by the affected parties. *See Dufrene* v. *Farrell,* 03-1391 (La. App. 5 Cir. 4/27/04), 873 So.2d 800, 802; *B-G & G Investors VI, L.L.C. v. Thibaut HG Corp.,* 08-0093 (La. App. 4 Cir. 5/21/08), 985 So.2d 837, 840.

Accordingly, we hereby grant this writ application for the limited purpose of transferring it to the district court, with instructions to the district court to treat relator's timely-filed notice of intent as a timely-filed motion for appeal, and to allow relator, if it so chooses, to perfect his appeal of the judgment at issue.[4]

Gretna, Louisiana, this 15th day of June, 2021.

**FHW**
**SMC**
**JGG**

---

[3] To the extent that portions of the judgment are interlocutory in nature, we decline to exercise our supervisory jurisdiction as to those portions of the judgment, as relator has an adequate remedy for review of those rulings on appeal.

[4] Should relator seek a suspensive appeal, it should follow the requirements of La. C.C.P. arts 2123 and 2124.

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **06/15/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**21-C-285**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Kenya J. H. Smith (Relator)
J. Geoffrey Ormsby (Respondent)
Dylan T, Leach (Respondent)

### MAILED